HENRY P. HICKOX vs. THE NAUGATUCK RAILROAD COMPANY.

The plaintiff took his trunk to a railroad station at 11 A. M. and requested that it might be checked for the next train to B, which was to leave at 3 P. M., but being informed by the agent of the company that they did not check baggage until fifteen minutes before the train left, he left the trunk with the agent, and at the proper time called for and obtained a check, and went himself by the same train. When he received the trunk again some money and clothing had been taken from it, but it did not appear whether it was done while the trunk was lying at the station or after it left. Held,

1. That the railroad company was to be regarded as receiving the trunk when first delivered for transportation and not for storage, and that their liability commenced as soon as it was delivered to and received by their agent.

2. That the delivery of a check was of no importance, as constituting the contract of the company, it being merely in the nature of a receipt, and intended as evidence of the ownership and identity of the baggage.

3. That the plaintiff could recover only for so much money, contained in the trunk, as was necessary for his personal use and traveling expenses, and that he could not recover for money carried in the trunk for the purpose of purchasing clothing at the place to which he was going.

ACTION on the case, against the defendants as common carriers, for the loss through their negligence of money and clothing contained in a trunk of the plaintiff; tried to the

jury in the superior court, before *Mc Curdy*, *J.* A verdict was rendered for the plaintiff, and the defendants moved for a new trial for error in the charge of the court. The case is sufficiently stated in the opinion.

*Beardsley* and *Seeley*, in support of the motion.

*Loomis* and *Hollister*, contra.

BUTLER, J. This declaration is framed against the defendants for negligence in *carrying* and *conveying* the plaintiff's baggage, as incidental to his own transportation from Waterbury to Bridgeport. It contains no count adapted to a recovery for negligence as a depositary.

On the trial the plaintiff claimed to have proved that he took his trunk to the station at Waterbury at 11 A. M. and requested that it might be checked for the next train, which started at 3 P. M., for Bridgeport; that he was informed that it was not their custom to check baggage until about fifteen minutes before the time when the train should leave, whereupon he left his trunk in care of the agent of the company in the baggage room of the station; and that at the customary time it was checked for him and put on the cars for Bridgeport, and that he went on the same train.

These facts were not denied except in a qualified manner. The defendants denied only the receipt of the trunk for transportation, before it was checked, and denied that it contained the missing articles when checked. It was rifled after delivery to the company, but when and where did not appear. On these facts the plaintiff claimed that the company were liable as carriers. The defendants claimed, and asked the court to charge, that if the trunk was rifled after it was left at the station, and before it was checked, there could be no recovery *in this action*. The court left it to the jury to say whether the trunk was received for transportation before it was checked, and of that no complaint is made. But the court went further, and charged that if not received for transportation before checked, and it was rifled after delivery and before being

checked, and by reason of the gross negligence of the defendants, or, in other words, if they found that the defendants held the trunk till checked as warehousemen, and incurred a liability as such, they were liable *in this action*. That we think was error. There is no count adapted to such a recovery.

But the error is not one which entitles the defendants to a new trial. The facts stated in the motion and not denied, were sufficient to justify a direction by the court to the jury to render a verdict for the plaintiff. They show conclusively that the trunk was received for transportation.

The reasonable convenience of travelers requires that they have an opportunity to deliver baggage at any reasonable time before the departure of the train, and it is therefore the duty of a railroad company to keep an agent at all important stations to receive and take charge of baggage. *Jordan* v. *Fall River R. R. Co.*, 5 Cush., 69. For aught that appears such was the custom of the defendants and the agent who received the trunk was there for that purpose. In respect to passengers the company are carriers merely, and the trunk an article which ordinarily accompanies the passenger. If nothing had been said therefore in respect to the purpose for which it was delivered and received by the agent of the defendants, its reception for transportation would be implied. But the purpose and the hour were expressly indicated by the plaintiff, and it was received without objection, except that they could not then give him a check. Clearly it was received for the purpose indicated, and the time fixed when by their custom a check would be given him. The length of time which elapsed between its reception and the departure of the train could make no difference.

In the case of *The Camden & Amboy R. R. Co.* v. *Belknap*, 21 Wend., 354, trunks were left with the company in the afternoon of one day to go with the owner by the boat of next morning, and one of them was taken from the office of the company through the negligence of the clerk or porter, before the departure of the next boat, and it was holden that they were in the possession of the company as *carriers*, and that

they were answerable as such. See also Redfield on Railways, 242, 3.

The custom of checking can have no effect upon the character of the delivery. That custom did not necessarily qualify the delivery and acceptance. The check is in the nature of a receipt, and may be given and received at any time when the convenience and custom of the company dictate. It is not the contract, but evidence of the ownership, delivery and identity of the baggage. It is the delivery and acceptance, the abandonment of all care of the baggage by the passenger, and the assumption of it by the agents of the carriers, expressly or impliedly for the purpose of transportation, which fix the liability of the latter as such, and that liability begins when the baggage is delivered to the agent of the company for carriage. Redfield on Railways, 246.

Inasmuch therefore as the plaintiff was entitled to a verdict upon the facts, and no injustice has been done, there can be no new trial on that ground.

But there is also error in respect to the amount of damages. The company were liable for money contained in the trunk required by the plaintiff for his personal use and traveling expenses. That is well settled and was conceded on the trial. But their liability extended no further. The plaintiff admitted that sixty dollars of the money in the trunk was taken with him for the purchase of clothing. That money was in no just sense taken for traveling expenses or personal use. So the defendants requested the court to charge the jury; and we think they were entitled to such charge, in explicit terms, and that on that point the charge and verdict are wrong.

A new trial is therefore advised unless the plaintiff remits the sum of sixty dollars, which he was not entitled to recover.

In this opinion the other judges concurred.