HEARD APRIL TERM, 1879.

CASE No. 758.

THE STATE v. LOUISA PITTS.

1. The changes made by the code of procedure in the methods of appeal, do not affect criminal causes. In such cases there should be a report of the Circuit judge, unaccompanied by a statement of counsel, unless the agreement of counsel made in good faith is submitted as a substitute for such report. But *query:* Whether the solicitor, by his admissions, can so bind the state as to prevent this court from interfering in the interests of justice; and whether the report of the Circuit judge can be *modified* by agreement of counsel?

2. Prior to 1868, a conviction could be had upon an indictment for larceny alleging the property to be in the husband, when the goods were the clothing of the wife.

3. Under the constitution of 1868, Article XIV., Section 8, a married woman may acquire separate property by gift from her husband, but the mere use and enjoyment by her of personal property purchased by the husband, does not establish her right to a separate estate therein.

4. A prisoner should not be convicted of stealing goods which belonged to a married woman, under an indictment charging them to be the property of her husband; and when they were purchased by the husband and used by the wife, it is for the jury to say whether the wife had acquired a separate property therein.

Before ALDRICH, J., at Laurens, February, 1879.

This was an indictment for grand larceny. The goods stolen were a silk dress and other articles of ladies' clothing, laid in the indictment as the property of John T. Duncan. The silk dress was bought by John T. Duncan for his first wife, who died in 1855; the other articles were purchased by him for his present wife. The goods were stolen July 21st, 1878. Verdict—guilty. Defendant appealed. Counsel for appellant prepared a statement of the case for the appeal court; the solicitor not accepting it, prepared his statement. The two were submitted to the Circuit judge, who adopted the solicitor's statement. Subsequently counsel signed the following paper:

We agree on the following statement, and consent that it [this case] be heard on this statement and brief filed:

The defendant's attorney asked his Honor to charge as a matter of law, that prior to the adoption of the constitution of 1868, the paraphernalia of a married woman consisted of clothing and jewels, and in these she had a separate estate ; that since the adoption of the present constitution, a married woman has a separate estate in her clothing and all other property, and the marital rights of her husband cannot attach ; and if they believed the clothes stolen were the property of Mrs. John T. Duncan, the prisoner should be found not guilty. His Honor Judge Aldrich refused so to charge, and defendant's counsel excepted. His Honor sentenced the defendant in open court to one year's imprisonment in the penitentiary, and afterwards, through a clerical error, wrote it two on the indictment.

*Messrs. Pope & Watts,* for appellant.

*Mr. B. W. Ball,* solicitor, *contra.*

September 19th, 1879. The opinion of the court was delivered by

WILLARD, C. J. This case originally came up for hearing on a report from the Circuit judge. This report, as set forth on the record, was accompanied by conflicting statements of the proceedings, made by the respective counsel. A defect being found in the statement, permission was given to the counsel for the defendant to procure a further statement of the case. Finally a statement was produced, as part of the record in the cause, agreed to by the counsel for both parties. The proper mode of bringing up an appeal to this court on exceptions taken in a criminal case, is by a report of the Circuit judge.

Such was the practice before the adoption of the code, and that has made no change in the mode of procedure, in that respect, in criminal cases.

The provisions of Part II. of the code are expressly confined to " civil actions in the courts of this state " (*Code,* § 8), criminal proceedings being excluded from that class (§ 5.) The changes that have been made by the code in the method of appeal in civil causes are made in the second part of the code, and do not affect criminal causes.

When a criminal case comes up on a report of the Circuit judge, it should not be accompanied by any statements of the counsel that are not intended by the Circuit judge to be embodied in and form part of his report. This, of course, does not apply to the grounds of appeal in that class of cases.

When counsel agree upon a statement of the case, as a substitute for a report of the Circuit judge, only those matters that are so agreed upon will be considered, and unless the good faith of such agreement is successfully impeached, the parties in the cause will be concluded by such statement.

We do not intend by this to imply that the solicitor for the state can, at his discretion, bind the state by his admissions, under all circumstances, so that the court cannot interfere in the interest of justice; but as no abuse of the authority of the solicitor appears in the present case, the authority of this court in exceptional cases need not be considered.

In the present case the appeal originally came up upon the report of the Circuit judge, and was sought to be amended by the agreed statement of counsel. We do not deem it necessary to raise any question as to the right of counsel in a criminal cause to modify, by an agreement between themselves, the case as reported by the judge—no such question having been suggested by counsel on either side. It appears to us that the report was defective, and as the case is a criminal case, and as it would lead to delay to require the statement of counsel to be submitted to the Circuit judge for his remarks, we do not feel bound to consider that question at the present time.

The indictment was for larceny of clothing, and the property therein was laid in John T. Duncan. The evidence tended to prove that part of the property alleged to have been stolen consisted of clothing of a deceased wife of Duncan, who died in 1855, and the residue of the clothing of his present wife.

It does not appear when Duncan was married to his present wife. The larceny was alleged to have occurred July 21st, 1878. The requests to charge, as stated in the agreed statement of counsel, contains three propositions. The first proposition is, "that prior to the adoption of the constitution of 1868, the paraphernalia of à married woman consisted of clothing and jewels,

and in this she had a separate estate." This proposition is immaterial, and no regard need be paid to the question whether it is strictly accurate.

There is no doubt that before the adoption of the present constitution a conviction could be had upon an indictment for larceny alleging the property in the goods to be in the husband, when the goods were the clothing of the wife. The question of the nature and extent of the wife's paraphernalia had no bearing on that question.

The second proposition is, "that since the adoption of the present constitution a married woman has a separate estate in her clothing and all other property, and the marital rights of her husband cannot attach." This proposition is inaccurate.

It is true that under the constitution she *may have* a separate estate in her clothing and all other property, and the marital rights of her husband cannot attach to such separate estate; but the question whether in point of fact she has such separate estate depends on whether such property was acquired in the manner prescribed by the constitution as the means requisite to create in her such separate estate.

Article XIV. of the constitution, Section 8, provides that " the real and personal property of a woman, held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance or otherwise, shall not be subject to levy and sale for her husband's debts, but shall be held as her separate property, and may be bequeathed, devised or alienated by her the same as if she were unmarried; provided that no gift or grant from the husband to the wife shall be detrimental to the just claims of his creditors." It is clear that a wife can acquire, as her separate estate, real and personal property by gift or grant from her husband, for, in the first place, her power to acquire is in terms unlimited as to the person from whom she may so acquire, and in the second place the proviso necessarily implies that such acquisition may be directly from her husband. It must therefore appear, either by proof or a proper presumption, that either expressly or by implication such an act of acquisition has occurred. Such an act implies the transfer to the wife of real or personal property, with the intention that title

thereto should pass to and vest in her, in order that the character of a separate estate should be imposed upon it as intended by the constitution.

The second proposition is defective in assuming, as matter of law, that the mere fact that a wife is in the use and enjoyment of clothing or other personal property is sufficient to establish her right to a separate estate therein.

The third proposition is to the effect that "if the jury believed the clothes were the property of Mrs. John T. Duncan, the prisoner should be found not guilty." This proposition was improperly refused. The fact that Mr. and Mrs. Duncan bore towards each other the relation of husband and wife may have been calculated to raise a presumption that he had such a possession of the articles alleged to have been stolen as to warrant the allegation made in the indictment, yet that would give rise to a question of fact which the judge could not decide.

It was for the jury to determine what was the fact, under proper instructions, as to the rule of presumption in such cases.

There was therefore error in the refusal to charge the third proposition embraced in the requests to charge in behalf of the prisoner.

As there should be a new trial it is unimportant to examine the effect of a discrepancy between the terms of the sentence pronounced in open court and that recorded.

There should be a new trial.

　　　　　　　　　　　　　　　　　　New trial granted.

McIVER and HASKELL, A. J.'s, concurred.