### SHULL v. CAUGHMAN.

1. PRACTICE—PLEADINGS—DEFECT OF PARTIES.—A DEMURRER for defect of parties plaintiff cannot be made orally at trial after answer.
2. APPEAL—NONSUIT.—Grounds for nonsuit not made below and ruled upon, will not be considered on appeal.
3. PRACTICE—PLEADINGS—NONSUIT.—A COMPLAINT cannot be dismissed on motion for nonsuit for defect of parties defendant.
4. IBID.—IBID.—AMENDMENTS.—A CIRCUIT JUDGE may, during the same term, amend an order authorizing an action to be continued against the administrator *cum testamento annexo* of a deceased defendant, by permitting the substitution of the devisee of the deceased for the said administrator.

Before GARY, J., Lexington, October, 1898.    Affirmed.

Action for possession of real estate by Sue A. Shull *v.* Frances T. Caughman, since deceased, and J. A. Muller, as administrator, *cum test. annexo.*    When plaintiff closed her case in chief, upon motion of nonsuit by defendant, and then to dismiss the complaint, the trial Judge made the following order:

This cause came on to be heard before me at the September term, 1898, of the Court of Common Pleas for Lexington County.    It involved the title to a lot of land in the town of

Lexington, and the trial before me was the second one brought for the recovery thereof, the first having resulted in favor of the defendant, Mrs. Frances T. Caughman. While the second action was pending, and after issue joined, Mrs. Frances T. Caughman died; whereupon, and within twelve months thereafter, an order was duly obtained, substituting for her as defendant in the cause J. A. Muller, as administrator, *cum testamento annexo,* of the estate of the said Frances T. Caughman. When-plaintiff closed his case in chief, Mr. Crawford, for the defendant, moved for a nonsuit, on the ground that the proof was not sufficient to sustain the action. This motion, after argument, was refused; when he made a further motion to dismiss the complaint. This motion was also refused; then a demurrer was interposed, on the ground that the complaint did not state facts sufficient to constitute a cause of action. I sustained the demurrer, with leave granted to the plaintiff to amend the order of substitution making the devisee under the last will and testament of Mrs. Frances T. Caughman a party defendant, provided said amendment be served upon defendant's counsel within twenty days from the rising of the Court.

From this decree the attorney of Frances T. Caughman appealed on the following exceptions:

1. For that his Honor should have granted the motion for a nonsuit interposed by the defendant, because the proof adduced by plaintiff was not sufficient to sustain the action, said proof being totally insufficient to establish a cause of action.

1a. For that the nonsuit should have been granted, because the proof adduced by plaintiff was totally insufficient to establish her cause of action, in that there was no evidence whatever that a trespass had been committed on the property at issue.

2. For that his Honor should have granted the motion to dismiss the complaint, because the action was brought against a wrong and sole defendant, and, therefore, had to

fail, as there was no proper or necessary party defendant before the Court.

3. For that said error appeared at the trial after plaintiff's proof was in, and that, necessarily, it gave rise to either an adverse verdict or a nonsuit, and such error cannot be amended by substituting a right defendant, who is in no manner before the Court, for a wrong defendant entirely unconnected with any other party to the cause.

4. For that his Honor erred in allowing an amendment to the order of substitution, including therein a new and independent party defendant in a cause of action such as that at bar, when that decision embodied a demurrer granted after the plaintiff had rested her case on the ground that there were not facts stated sufficient to constitute a cause of action—which decision was but another form of sustaining the nonsuit asked for, to wit: that the proof was not sufficient to sustain the cause of action.

*Mr. Andrew Crawford,* for appellant, cites: 2 Bay, 421; 42 S. C., 383; L. R. Q. Ex., 55.

*Messrs. Meetze & Muller,* contra, cite: Code, 169; 21 S. C., 27; 25 S. C., 309; 12 S. C., 61.

Feb. 8, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order of his Honor, Judge Gary, which, together with appellant's exceptions, will be set out in the report of the case.

We will first consider whether there was error on the part of the presiding Judge in refusing the motion for an order of nonsuit. Rule XVIII. of the Circuit Court contains the following provisions: "A motion for a nonsuit must be reduced to writing by the moving counsel, or by the stenographer, under the direction of the Court, stating the grounds of the motion." Upon appeal to this Court, the party who made the motion in the Circuit Court cannot rely upon any grounds except those upon which the motion was made in

the Circuit Court. *Graham* v. *Seignious,* 53 S. C., 132. Although the appellant did not comply strictly with this requirement, still, it sufficiently appears in his argument on circuit, that the motion was based on the ground that the heirs, or devisees, if there was a will, and not the administrator, were the proper parties defendant. Section 165 of the Code is as follows: "The defendant may demur to the complaint, when it shall appear upon the face thereof either: 1. That the Court has no jurisdiction of the person of the defendant, or the subject of the action; or 2. That the plaintiff has not legal capacity to sue; or 3. That there is another action pending between the same parties for the same cause; or 4. That there is a defect of parties, plaintiff or defendant; or 5. That several causes of action have been improperly united; or 6. That the complaint does not state facts sufficient to constitute a cause of action." The objection urged by the appellant should properly have been made by demurrer, under subdivision 4 of said section of the Code. Section 169 of the Code is as follows: "If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to consitute a cause of action." The case of *Mickle* v. *Construction Co.,* 41 S. C., 394, and the cases therein cited, show that the objection to the complaint, by what is called an "oral demurrer at the trial," comes too late when it arises under subdivision 2, hereinbefore mentioned. For reasons equally as strong, an objection, properly arising under subdivision 4 of said section, cannot be urged upon a motion for a nonsuit. This principle is sustained also by the cases of *Dawkins* v. *Mathis,* 47 S. C., 64, and *Jennings* v. *Parr,* 51 S. C., 191. The appellant in his exceptions relies upon other grounds, but as they were not presented when he made the motion for nonsuit, and the presiding Judge did not rule upon them, they will not be considered.

We will next consider whether the presiding Judge com-

mitted error in refusing to dismiss the complaint. It does not appear upon what ground the appellant moved to dismiss the complaint, unless, by inference, it was on the ground upon which he made the motion for a nonsuit. If this be the case, there is no provision of the Code, nor any law in this State, allowing a defendant to make a motion to dismiss a complaint, on the ground that there is a defect of parties defendant.

The last question for consideration is, whether the Circuit Judge erred in granting the plaintiff leave to amend the order of substitution by making the devisee under the will of Mrs. Caughman a party defendant. Section 142 of the Code provides as follows: "No action shall abate by death, marriage, or other disability of a party * * * if the cause of action survive or continue. In case of death, marriage, or other disability of a party, the Court, on motion, at any time within one year thereafter, or afterwards, on a supplemental complaint, may allow the action to be continued by or against his representative in interest." It was to carry into effect this provision that the Circuit Judge amended his first order of substitution. The first order had been granted by him at that term of the Court, and, if he had seen fit, he could have withdrawn it altogether from the files, and passed another order in the case. In the case of *State* v. *Fullmore,* 47 S. C., 34, the Court says: * * * "It is scarcely necessary to cite authorities to sustain the principle that the presiding Judge was not in error in modifying his first order in such manner as he saw fit." The Court then quoted with approval the language of Mr. Black, in volume 1, section 153, of his work on Judgments as follows: "The authorities all hold that a Court has plenary control of its judgments, orders and decrees during the term at which they are rendered, and may amend, correct, modify or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke or vacate them, as may, in its discretion, seem necessary * * *" Instead of being error to correct the order of substitution, it would

have been against the spirit of section 142 not to have made such correction.

Order affirmed.