### J. HARZBURG & CO. v. SOUTHERN RY. CO.

1. EVIDENCE DE BENE ESSE—WITNESS.—Certificate as to signature of witness examined *de bene esse* is all that is required of examining notary.
2. EVIDENCE—PAROL—PARTNERSHIP.—Formation or continuation of a partnership may be proved either by written or parol evidence.
3. PLEADINGS—DAMAGES.—Not necessary to allege special damages to whole suit of clothing caused by damage to one piece.
4. WITNESS—LEADING QUESTION.—Question intended to solicit from witness explanation of previous answer is not leading.
5. RAILROADS—BAGGAGE.—CHARGE as to duty of railroad to care for checked baggage is not a charge on the facts here, but statement of the law applicable to care for such baggage.
6. CHARGE—REQUEST.—It is not error to refuse to charge a correct proposition of law, if there was no evidence in case to which it was applicable.
7. ACT OF GOD.—DAMAGES resulting from an act of God does not excuse common carrier, unless it show that the injury could not have been prevented by any reasonable foresight, pains or care.

Before WATTS, J., Fairfield, February term, 1902. Affirmed.

Action by J. Harzburg & Co. against Southern Railway. From judgment for plaintiffs, defendant appeals.

*Mr. C. P. Sanders,* for appellant, cites: *Error to admit evidence as to damages to whole suits:* 5 Ency., 1 ed., 50, 719, 721; 1 Suth. on Dam., 2 ed., secs. 14, 420; 3 Brev., 185; 40 S. C., 528; 39 S. C., 468; 31 S. C., 49; 3 Strob., 373; 57 S. C., 484; 45 S. C., 282; 57 S. C., 433. *Charge as to checked baggage intimated opinion on evidence:* 51 S. C., 460; 47 S. C., 523; 61 S. C., 563. *As to injury by act of God:* 1 Ency., 1 ed., 174; 1 Ency., 2 ed., 586; 2 Bail., 162, 423; 19 Am. R., 596; 4 Ell. on R. R., par. 1455. *Defendant is not liable for damages which plaintiff might avoid:* 2 Sher. and Red. on Neg., 741.

*Mr. J. E. McDonald,* contra, cites: *Depositions complied with statute:* Code, 1902, 2882; 30 S. C., 157, 615; 57 S. C., 3; 60 S. C., 207. *Not error to state undisputed fact in charge:* 63 S. C., 197. *Not error to refuse request already covered:* 60 S. C., 169. *Act of God does not alone excuse carrier:* 2 Jagg. on Torts, 1061-3; 166 U. S., 386; 114 Fed. R., 472; 1 Smith's Lead. Cas., 8 ed., 199; 1 Ency., 585; 2 Harp., 262; 114 Fed., 472; 88 N. W. R., 508; 26 S. C., 267; 29 S. C., 101.

April 1, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This suit was instituted by the plaintiffs, merchants of Baltimore, to recover $500 damages alleged to have been caused by the defendant's negligence and carelessness in not protecting from a rain storm at its Winnsboro station, four trunks of sample clothing checked by the plaintiff's salesman over defendant's line from Charleston to Winnsboro. The defense was a general denial and contributory negligence. The jury found a verdict for $250 and the defendant appeals, charging errors in the admission of testimony and the instructions of the presiding Judge.

As to the second exception and subdivision two of the first exception, it is only necessary to say the evidence was taken at the place in Baltimore accurately described in the notice, defendant attending and participating. The law does not require the witness to sign in the presence of the officer. The genuineness of the evidence was certified to by the officer, and if the signature was not genuine, it was the duty of the defendant to make it so appear to the Court. This disposes of the first, second, third and fourth exceptions.

Defendant could not have been injured by the introduction of plaintiff's written partnership agreement which had expired by its own limitation at the time the damage was done, and the fifth exception cannot be sustained.

In the sixth exception, appellant takes the position it is not competent to prove by parol the continuance of a partnership beyond the time to which it was limited in a written agreement. This position cannot be sustained for the reason that the formation or continuance of a partnership may be proved by any competent evidence, written or parol.

In the seventh, eighth and tenth exceptions, appellant submits the question whether the plaintiffs could recover for depreciated value of a suit of clothing considered as an entirety, when only one article of the suit was injured, without alleging special damages in this regard. Each garment of a suit of clothing usually has a degree of value growing out of its connection with the other parts, and for this reason no special allegation of such value, or the impairment of such value, was necessary.

One of the plaintiffs was asked: "Tell us, if you know it, was or was not your actual loss on account of the forty-nine samples $250?" In the ninth exception, appellant insists this question was leading. It will be seen by reference to the testimony that it was not clear, from what the witness had just said, whether he meant to place the damage of which he was speaking at $500 or $250,

and the question manifestly was asked the witness not to lead him, but to ascertain which of these amounts he meant as his estimate.    Besides, it is manifest no injury resulted to appellant from allowing the question.

In his charge the presiding Judge used this language: "I charge you, as a matter of law, that when the railroad gave check for the trunks to the traveling salesman, they took the burden of care and ordinary precaution in transporting and delivering the trunks in good condition."

Appellant takes the position this was an assumption and statement that checks had been issued, and was a charge on the facts.    From an examination of the charge it is apparent when this language was used, the Circuit Judge was speaking generally of the duty of a railroad company to care for checked baggage.    He subsequently expressly left it to the jury to say whether in this case checks had been issued. In addition to this, the witnesses on both sides proved that plaintiffs' agent had the checks, and no issue whatever was made concerning them.    The eleventh exception is, therefore, without foundation.    *Hollings* v. *Bankers Union,* 63 S. C., 197, 41 S. E., 90; *Jenkins* v. *Ry. Co.,* 58 S. C., 381, 36 S. E., 703.

The twelfth exception cannot be sustained because this Court has very often held a hypothetical statement made in a charge is not a statement of the facts of the case on trial.

The defendant's sixth request to charge was as follows: "Where baggage is injured, it is the duty of the passenger after the baggage is delivered to him to do all he can to lessen the damage, and if he fails to do this and by reason of such failure the damage is increased, then for this the railroad company is not to be held responsible." This was a correct proposition of law, and refusing to charge it would be reversible error, if it had been applicable to the proven facts of the case.    Appellant's counsel argues that plaintiffs should have taken clothing out of the trunks and dried it, so as to lessen the damages, and that for this reason the foregoing proposition was applicable.    The plaintiffs'

agent testified drying would not have reduced the damage, and the defendant offered no evidence tending to show it could have been so reduced. There was, therefore, no evidence before the Court to which this request could apply, and it was not, for this reason, error to refuse it. The thirteenth exception cannot be sustained. *Hicks* v. *Ry. Co.,* 63 S. C., 559, 41 S. E., 753.

Appellant next insists the jury should have been given this charge, as requested: "If an injury is caused by an unprecedented rainfall, such as ordinary human foresight and prudence could not foresee, then such injury is caused by an act of God, for which the railroad is not to be held responsible." This was not a sound legal proposition. Even if the injury was caused by an unprecedented rainfall, such as ordinary human foresight and prudence could not anticipate, the carrier would still be liable. unless he was unable to guard against the injury. It is not sufficient to relieve a carrier of liability for injury to goods that the damage should have resulted from unusual and unforseen action of nature; the carrier must show further that the injury could not have been prevented by any foresight, pains or care reasonably to be expected. *Reeves* v. *Waterman,* 2 Speer, 197; *Ewart* v. *Street,* 2 Bailey, 157; *Slater* v. *Ry. Co.,* 29 S. C., 101, 6 S. E., 906; 1 Cyc. of Law, 758. Before reaching defendant's requests, the presiding Judge had fully charged this doctrine in terms by no means unfavorable to appellant. The fourteenth exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

*Submitted on printed Briefs.—R.*