BATTLE v. COLUMBIA, NEWBERRY & LAURENS R. R.

1. EVIDENCE—COMMON CARRIER—BAGGAGE.—In suit by husband for loss of trunk in possession of wife as passenger, after testimony of wife as to contents, husband may testify as to value.

2. COMMON CARRIER—BAGGAGE—MONEY—JEWELRY.—Carrier of passenger is liable for jewelry for personal use and money reasonably necessary for traveling expenses, as baggage carried in trunk.

3. IBID.—IBID.—AGENT.—Delivery of baggage to the only person in charge of the station, who is at the time engaged at a telegraph instrument, depositing it at place indicated by him, description of trunk and directions as to checking and that owner would soon appear and that he would attend to it, is delivery to the carrier.

4. PARTIES—WAIVER.—Objection that there is defect of parties is waived, unless taken by demurrer or answer.

5. COMMON CARRIER—BAGGAGE—WIFE—CHILDREN.—The title to wearing apparel of wife and children, and other articles convenient for personal use usually furnished by the husband and father while enjoyed and used by the several members of the family, is in the husband, and he may maintain an action for the loss of them in a trunk in the possession of the wife, and delivered to the carrier to be carried as the baggage of the wife as a passenger without showing negligence by the carrier.

MR. JUSTICE GARY *dissents as to showing negligence.*

MR. CHIEF JUSTICE POPE *dissents on the point that husband can maintain the action for apparel given the wife.*

6. EXCEPTION pointing out no specific error is too general.

Before DANTZLER, J., Laurens, July term, 1903. Affirmed.

Action by P. C. Battle against Columbia, Newberry and Laurens R. R. From judgment for plaintiff defendant appeals.

*Messrs. W. H. Lyles* and *N. B. Dial,* contra, cite: *Carrier is not liable for loss of property not usually carried as baggage, without notice to carrier:* 60 L. R. A., 846.

*Messrs. Simpson & Cooper,* contra, cite: *Jewelry and money as baggage:* 3 Ency., 535, 537. *As to delivery of*

*trunk:* 3 Ency., 2 ed., 661, note, 362, 563, 561. *Action by husband for property of wife lies:* 12 S. C., 180.

December 3, 1904.   The first opinion was delivered by

MR. CHIEF JUSTICE POPE.   This is an action for damages. The complaint is as follows :

"The plaintiff, complaining of the defendant, alleges :

"1st. That the defendant is, and at the times hereinafter stated was, a corporation duly chartered, organized and doing business under the laws of the State of South Carolina, and owning and operating a line of railroad as a common carrier of goods and passengers between Columbia, South Carolina, and Laurens, South Carolina, a part of said line being in Laurens County, and said State, and that Clinton, South Carolina, is a station on said road.

"2d. That on December 30th, 1901, Mrs. Bettie Battle, the wife of the plaintiff, with a view to becoming a passenger over the defendant's line of railroad from Laurens, S. C., to Clinton, S. C., about 12 o'clock M. of the said day, delivered to the agents of the defendant at its depot and baggage room at Laurens, S. C., through N. S. Garrett, a trunk containing her wearing apparel, jewelry, the wearing apparel of her children and the plaintiff's children, some bed clothes, provisions, five dollars in money and other articles, for the purpose of having the same checked as her baggage over the defendant's railroad from Laurens, S. C., to Clinton, S. C., to which place she was going as a passenger over the defendant's said road, and the defendant through its agent received the said trunk for that purpose.

"3d. That shortly after the delivery of the said trunk to the defendant, the said Mrs. Beattie Battle went to the ticket office of the defendant, at Laurens, S. C., for the purpose of obtaining passage over the defendant's said railroad to Clinton, S. C., but while she was purchasing her ticket the train over defendant's road from Laurens to Clinton left Laurens, and she was compelled to remain in Laurens until the next

day. That shortly after the train left, she went to the baggage room of the defendant, at Laurens, S. C., to inquire about the trunk, and found the same missing and lost.

"4th. That the defendant, through its negligence and the negligence of its agents and servants, suffered the said trunk to be lost or stolen, and although the plaintiff has made frequent demands upon the defendant to deliver the said trunk to him, it has failed and still fails to do so.

"5th. That the said trunk and its contents were reasonably worth the sum of two hundred dollars.

"6th. That the plaintiff had been put to considerable trouble and expense in searching for said trunk and in providing wearing apparel for his wife and children to the amount of fifty dollars, which expense was caused by the negligence of the defendant in failing to deliver the said trunk to the plaintiff, as it was its duty to do.

"7th. That the said trunk and contents were the property of this plaintiff.

"8th. That the plaintiff by reason of the negligence of the defendant in failing to deliver the said trunk to him has suffered damage to the amount of two hundred and fifty dollars.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of two hundred and fifty dollars damage, and for the cost of this action."

*Answer.*

"The defendant, by William H. Lyles, its attorney, answering the complaint in the above entitled cause—

"1st. Admits the allegations contained in the first paragraph of the complaint.

"2d. Denies each and every other allegation in said complaint contained."

The trial came on before Judge Dantzler and a jury. The trend of the testimony led to establishing this state of facts: On the 30th December, 1901, the trunk of Mrs. Bettie Battle

was carried to the depot of the Columbia, Newberry and Laurens Railroad, at Laurens, S. C., by Mr. Garrett, and by the direction of Mr. Crisp, an agent of the said defendant railway company, it was placed in front of the door of its baggage room, under an assurance of said agent that he would attend to it as soon as he got through some work upon which he was then engaged. The trunk was described as a trunk covered with zinc and strapped by ropes, belonging to a lady who would soon come to the said depot. Mrs. Bettie Battle came down about 2 o'clock, and bought a ticket from Laurens to Clinton, S. C., over the defendant's railroad; she could not find her trunk and missed taking the train until the next day. She had her brother and brother-in-law to assist her in looking for her trunk, but it was never recovered. Its contents were $50 worth of her clothing; $5 in money; two rings (gold finger rings), valued at $15; her children's clothes, valued at $30; some small gold pins, valued at $5; some $5 worth of cake, sausage meat and butter; also a counterpane and blanket. The trunk value was $5. The husband of Mrs. Bettie Battle, the plaintiff, P. C. Battle, brought suit for $250. A motion for nonsuit was overruled. Defendant's testimony was offered. After a charge from the presiding Judge, the jury brought in a verdict for $121.50. Thereupon defendant appealed to this Court on the following grounds, to wit:

"I. Because the Circuit Judge erred in allowing P. C. Battle to testify, against objection of defenadnt, to the contents of the trunk—that there was money and jewelry in it.

"II. Because he erred in not granting defendant's motion for nonsuit, because there was no testimony to show that Crisp was agent for its company. (a) Because there was no testimony to show that the trunk was delivered to the defendant.

"III. Because he erred in not granting defendant's motion for nonsuit on the ground that the action could not be maintained in the name of P. C. Battle; whereas, the testimony

showed the trunk and its contents were the separate property of Mrs. Bettie Battle.

"IV. Because he erred in not granting defendant's motion for nonsuit, even if the clothing of the children belonged to the father, the plaintiff, for he was not a passenger nor intended passenger.

"V. Because he erred in not granting defendant's motion for nonsuit on the ground that there was no contractual relation between it and the plaintiff.

"VI. Because he erred in not granting defendant's motion for nonsuit, inasmuch as there was not a particle of testimony showing that it had any notice whatever that Mr. Battle intended becoming a passenger over its line, and by purchasing a ticket later could not fix the liability on it, there being a joint agency.

"VII. Because he erred in charging the jury, 'when a party delivers baggage to a railroad company, with intention of becoming a passenger and the road so accepts it, the company will be liable,' the error being there was no testimony whatever going to show that the defendant had accepted the trunk or had any notice that the said Battle intended to become a passenger over its particular line.

"IX. Because he erred in charging the jury, 'if you find that P. C. Battle gave the property to his wife simply to be used by her as his wife, then it is his property, and that he is the proper plaintiff in the case.'

"X. Because he erred in making a similar charge as the above as to the children's clothes.

"XI. Because he erred in charging the jury the plaintiff could recover for the provisions of the wife, and would be liable for such and for money and jewelry.

"XII. Because he erred in not setting verdict aside and granting a new trial on defendant's motion, the same being contrary to the law and the evidence in the case."

We will now proceed to pass upon these grounds of appeal in their order.

1. The wife of plaintiff had fully testified to the contents of the lost trunk. The witness, P. C. Battle, did not attempt to say what articles of property were in the trunk; he was not with his wife when she packed the trunk; and he testified that he only knew, because his wife had told him. There was, therefore, no harm done defendant. Exception overruled.

2. We cannot sustain this exception, for there was testimony showing Mr. Crisp's connection with defendant railway. The value of that testimony was for the jury. Exception overruled.

3. P. C. Battle could maintain his action for any of his property which was in the trunk. He could certainly sue for the $5 in cash and for his children's clothing. There was testimony that those articles were in that trunk, and that said trunk was carried to the defendant's depot and delivered at the baggage room in accordance with its agent's direction. This exception is overruled.

4. We cannot hold that Mrs. Battle, to whom plaintiff's property was confided, and who purchased a ticket over defendant's railroad, could not lawfully include her husband's property in her trunk, and that the defendant did not thereby owe a duty to plaintiff therefor, which duty so owed entitled the plaintiff to maintain an action against it therefor. This exception is overruled.

5. We cannot sustain this exception for the reason just given in discussing the fourth exception.

6. It was not necessary for Mr. Battle to become a passenger to enable him to recover from the defendant the value of his property, which passed into defendant's hands through the contractual relation of Mrs. Battle with defendant. This exception is overruled.

7. We do not think this question was fairly presented to the Circuit Judge; but even if it was directly presented, the fact that the plaintiff was not a passenger, but that his wife was such, while she was entrusted with plaintiff's property, would make the railroad responsible to him for such property.

8. We overrule this exception because there was some testimony on this issue.

9. We must sustain this exception. We are not satisfied with the position of the Circuit Judge on this branch of the case. By our Constitution, a married woman can acquire a right of property by gift. She is as to that property its owner. It might be that a clash of claims might arise as between the husband and wife themselves. The railroad should not be liable to pay to each one separately for the property under the circumstances involved in the suit.

10. There was no error by the Circuit Judge as to the plaintiff's right of action for his children's clothing, under the circumstances of this case.

11. We only sustain this exception as to the husband's right of action for the $5 in money.

12. The verdict of the jury covering the value of all of the property, both that of the husband and the wife, the motion for a new trial should have been granted.

I think the judgment should be reversed.

MR. JUSTICE GARY.

*Statement of case.*

This is an action to recover damages for the loss of a trunk. The complain alleges:

1st. The corporate existence of the defendant.

2d. That on December 30th, 1901, Mrs. Bettie Battle, the wife of the plaintiff, with a view to becoming a passenger over the defendant's line of railroad, from Laurens, S. C., to Clinton, S. C., about 12 o'clock M. of the said day delivered to the agents of the defendant at its depot and baggage room at Laurens, S. C., through N. S. Garrett, a trunk, containing her wearing apparel, jewelry, the wearing apparel of her and the plaintiff's children, some bed clothing, provisions, $5 in money, and other articles, for the purpose of having the same checked as her baggage over the defendant's railroad,

from Laurens, S. C., to Clinton, S. C., to which place she was going as a passenger over the defendant's said road, and the defendant through its agent received the said trunk for that purpose.

3d. That shortly after the delivery of the said trunk to the defendant, the said Mrs. Bettie Battle, went to the ticket office of the defendant, at Laurens, S. C., for the purpose of obtaining passage over the defendant's said railroad to Clinton, S. C.; but while she was purchasing her ticket, the train over defendant's road from Laurens to Clinton left Laurens, and she was compelled to remain in Laurens until the next day. That shortly after the train left, she went to the baggage room of the defendant at Laurens, S. C., to inquire about the trunk, and found same missing and lost.

4th. That the defendant, through its negligence and the negligence of its agents and servants, suffered the said trunk to be lost or stolen, and although the plaintiff has made frequent demands upon the defendant to deliver the said trunk to him, it has failed and still fails to do so.

5th. That the said trunk and its contents were reasonably worth the sum of $200.

6th. That the plaintiff has been put to considerable trouble and expense in searching for said trunk and in providing wearing apparel for his wife and children, to the amount of $50, which expense was caused by the negligence of the defendant in failing to deliver the said trunk to the plaintiff, as it was its duty to do.

7th. That the said trunk and contents were the property of this plaintiff.

8th. That the plaintiff, by reason of the negligence of the defendant in failing to deliver the said trunk to him, has suffered damage to the amount of $250.

At the close of plaintiff's testimony, the defendant made a motion for nonsuit, which was refused.

The jury rendered a verdict for the plaintiff for $121.50, and the defendant has appealed from the judgment entered thereon.

## Opinion.

The first assignment of error is that his Honor, the presiding Judge, erred in allowing P. C. Battle to testify, against the objection of the defendant, as to the contents of the trunk—that there was money and jewelry in it.

1    This exception seems to have been taken under a misconception of the facts. The Circuit Judge, upon objection by the defendant, ruled that the plaintiff could not testify as to the contents of the trunk; but after Mrs. Battle had testified as to the contents, allowed the plaintiff to testify as to the value of the articles therein contained.

A carrier may be held responsible for the jewelry of a passenger carried for her own personal use to a reasonable extent. 3 Enc. of Law, 534; 6 Cyc., 667. A passenger has the right to carry with him on his journey as baggage a sum of money reasonably necessary for his traveling expenses. 3 Enc. of Law, 535; 6 Cyc., 667.

The second, third, fourth, fifth and sixth exceptions relate to the refusal to grant a motion for nonsuit and assign the following errors:

1. Because there was no testimony to show, or tending to show, that the trunk was delivered to the defendant.

2. That the action could not be maintained in the name of P. C. Battle; whereas, the testimony showed that the trunk and its contents were the separate property of Mrs. Battle.

3. That even if the clothing of the children belonged to the father, the plaintiff, he was not a passenger or intended passenger.

4. That there was no contractual relation between the defendant and the plaintiff.

5. That inasmuch as there was not a particle of testimony showing that the defendant had any notice whatever that the plaintiff intended becoming a passenger over its line, purchasing a ticket later could not fix the liability on it.

22—70.

The record shows that the motion for nonsuit was made on two grounds:

1. Because there was no testimony to go to the jury as to the delivery of the trunk to the defendant; and

2. Because the suit is brought in the name of the wrong party, and he cannot maintain an action against a common carrier, for articles of personal property, in possession of some one else.

No other grounds can be considered by this Court.

We will first consider whether there was any testimony tending to show delivery of the trunk to the defendant. It was admitted that M. L. Crisp was the ticket agent and telegraph operator of the defendant. There was testimony to the effect that he was in the ticket office and at the telegraph instrument, and was the only person in charge of the depot when the trunk was carried there. N. S. Garrett, who carried the trunk, asked Crisp, who was standing at the telegraph instrument, where to put the trunk, and he said around at the next door. Garrett did so, and called his attention to it; he told him that it was a lady's trunk, who would be there directly, where to check it, and please to take care of it. Crisp told Garrett that as soon as he got through he would take charge of the trunk. Mrs. Bettie Battle came thereafter, bought her ticket, but could not find her trunk.

In 3 Enc. of Law, 2 ed., 562, it is said: "Delivery to an agent other than the baggage master, having supervision and control over matters at the carrier's depot or station, is a delivery to the carrier, and it is as binding as if the delivery had been to one whose special duty it was to receive baggage." "In *Hickox* v. *Naugatuck R. Co.*, 31 Conn., 281, 83 Am. Dec., 143, a passenger took his trunk to a station on defendant's line, and requested that it be checked for a train that left in about four hours; but was told by the agent that the company only checked baggage fifteen minutes before the departure of the trains. He left his baggage and

returned at the proper time, got his check and took passage, but, on receiving his trunk at the place of destination, found that it had been opened and some of its contents stolen. There was no evidence as to whether it was opened while at the station or *en route*. It was held that the company must be regarded as having received the trunk when it was first taken to the station, that their liability attached at that time, and that it was, therefore, immaterial where the articles were stolen." Enc. of Law, 2 ed, 561 (note).

In the case of *Rogers* v. *R. Co.,* 38 How. Pr. (N. Y. Supreme Court), 289, the baggage was sent to the station in the care of an expressman, who delivered it to the company's agent, calling his attention to it, who thereupon replied, "All right." It was held that such proof established a *prima facie* case of delivery to the company, although it appeared that such person was not the agent having charge of the receipt of baggage. That where a company sanctions the employment of a ticket agent and holds him out to the world as its agent, it is estopped from repudiating his act in accepting baggage for transportation. These authorities show that this assignment of error cannot be sustained.

We will next consider the assignment of error, that the suit was brought in the name of the wrong party. An objection that there is a defect of parties is waived, unless there is a demurrer or answer insisting upon this objection. *Shull* v. *Caughman,* 54 S. C., 203, 32 S. E., 301. The only pleading on the part of the defendant in this case was a general denial. This objection was, therefore, waived.

The seventh and eighth exceptions are as follows: "VII. Because he erred in charging the jury, 'when a party delivers baggage to a railroad company, in contemplation of becoming a passenger and the baggage is so accepted, then that establishes the relation of passenger to the railway;' the error being there was no evidence whatever that the plaintiff, P. C. Battle, ever intended becoming a passenger.

"VIII. Because he erred in charging the jury, 'when a party delivers baggage to a railroad company, with intention of becoming a passenger, and the road so accepts it, the company will be liable;' the error being there was no testimony whatever going to show that the defendant had accepted the trunk or had any notice that the said Battle intended to become a passenger over its particular line."

In order to comprehend the force and effect of the charge, it will be necessary to determine what the rights of the plaintiff are under the complaint. The general rule of the common law is, that the owner of personal property (having committed no act of estoppel) has the right to recover its possession from any one withholding it from him. *Carmichael* v. *Buck,* 10 Rich., 332. Or, if it has been wrongfuly sold, he has a right of action against the seller for the proceeds arising from the sale thereof, or for the value of the property. See authorities cited in the concurring opinion in *Holliday* v. *Poston,* 60 S. C., 103. These principles, however, are not applicable to this case.

The plaintiff's wife was in possession of his alleged property as bailee. The general rule is that during the continuance of the bailment, the bailee alone has a right of action for damages arising from an interference with the possession of the property. *Steele* v. *Crockett,* Dud., 16; *Clarke* v. *Poozer,* 2 McM., 435. When, however, the act of a third party causes the destruction or loss of the property itself, it is an infringement of the bailor's rights, and he as well as the bailee may sue. 3 Enc. of Law, 763.

The plaintiff's action does not rise *ex contractu,* but *ex delicto,* and it was incumbent on him to prove that the alleged negligence or recklessness of the defendant caused the loss of his property. The charge gave the plaintiff the benefit of the law as to passengers when he, in no respect, occupied that position. The defendant did not owe him any duty as a passenger, and the charge was misleading and

prejudicial to the defendant. These exceptions must, there-
fore, be sustained.

The ninth exception is as follows: "IX. Because he erred
in charging the jury, 'If you find that P. C. Battle gave the
property to his wife simply to be used by her as his wife,
then it is his property, and that he is the proper plaintiff in
the case.' " This is only a portion of the charge upon this
question, and when considered in connection with the other
portions, it is free from error. The test is, whether it was
the intention of the parties that the husband should part
with his right of ownership in the property, and that the title
should vest in the wife as her separate estate. *State* v.
*Pitts*, 12 S. C., 180. The charge was in conformity with
this principle.

The tenth exception is as follows: "Because he erred in
making a similar charge as to children's clothes." The rule
is thus stated in *State* v. *Trapp,* 14 Rich., 203, 207: "Articles
of property furnished by a father in fulfillment of his natural
duty to provide for his children, to his minor son who lives
with him, may be described in an indictment, even for lar-
ceny, as the property either of father or of the son. The
general property may be said to be in the father, who has
bought and paid for them—the use in the child (2 Russ.
Cr., 94; *The State* v. *Williams,* 2 Strob., 229). But where,
in an indictment for larceny of certain articles of wearing
apparel, the property was laid to be in J. W., and the proof
was they belonged to a son of J. W., nineteen years old,
bound apprentice to his father, and entitled by the covenants
of his indentures, to be supplied with his clothing, the Court
held the indictment defective (2 Russ. Cr., 95). The
clothing had been furnished, not in discharge of the father's
natural duty, but in performance of a contract, and for a
valuable consideration. Whatever property he had held in
them had been divested, and the ownership was exclusively
in the son." So in the case under consideration, if the
children's clothes were furnished by the father in fulfillment

of his natural duty to provide for them, he has a right of action for the loss of the property through negligence. It is, however, incumbent on him to establish the fact of negligence.

The eleventh exception is as follows: "XI. Because he erred in charging the jury the plaintiff could recover for the provisions of the wife, and (the defendant) would be liable for such, and for money and jewelry." As hereinbefore stated, the plaintiff's right to recover damages is dependent upon his ownership of the property.

The twelfth exception is as follows: "XII. Because he erred in not setting aside verdict and granting a new trial on defendant's motion, the same being contrary to the law and the evidence in the case." This exception points out no specific error, and is too general for consideration.

MR. JUSTICE WOODS.—I concur in the views expressed by Mr. Justice Gary, except as to the seventh and eighth exceptions. These exceptions are as follows:

"7. Because he erred in charging the jury, 'when a party delivers baggage to a railroad company in contemplation of becoming a passenger, and the baggage is so accepted, then that establishes the relation of passenger to the railway;' the error being there was no evidence whatever that the plaintiff, P. C. Battle, ever intended becoming a passenger.

"8. Because he erred in charging the jury, 'when a party delivers baggage to a railroad company with intention of becoming a passenger, and the road so accepts it, the company will be liable;' the error being there was no testimony whatever going to show that the defendant had accepted the trunk or had any notice that the said Battle intended to become a passenger over its particular line."

Whether the trunk was delivered to the railroad company and accepted by it as baggage, was a question of fact for the jury. It was also a question of fact whether the contents were the property of the husband, who was the plaintiff, or

of his wife.    The charge of the Circuit Judge on these two points, as Mr. Justice Gary has shown, was free from error. If the trunk and its contents were the property of the husband, received by the carrier as baggage carried by the wife, and the contents were of such character as should be regarded baggage, then the carrier should be held liable to the husband just as if he himself had delivered the trunk as a passenger.    The ordinary baggage of a wife and of children, consisting of wearing apparel and other articles convenient for personal use, are usually furnished by the husband, and the title is in him while the use is enjoyed by the several members of the family upon whom it may be bestowed. When the railroad company received such property to transport it as baggage for the wife as a passenger, it received it as a common carrier, and became liable to the owner as a common carrier, and it is not incumbent on the husband, suing as the owner for its loss, to prove negligence as a condition of recovery.    In *Sonneborn* v. *Ry. Co.,* 65 S. C., 502, 44 S. E., 77, and *Harzburg* v. *Ry. Co.,* 65 S. C., 539, 44 S. E., 75, the owners were not passengers, but the trunks were filled with samples and checked by traveling salesmen, who were merely the agents of plaintiffs.    The actions were brought by the owners, and the railroad company was held in both cases to the full liability of common carriers.    As the defendant's liability was the same as if the plaintiff himself had been a passenger, there was no error in charging the propositions of law quoted in the seventh and eighth exceptions.    This seems the reasonable and just view.    It is supported by *Curtis* v. *R. R. Co.,* 30 Am. Rep., 271 (N. Y.), and *Richardson* v. *R. R. Co.,* 5 Southern Rep., 308 (Ala.), and we have not been able to find any authority to the contrary.

Associate Justice Jones concurs in this opinion that all the exceptions should be overruled; the Chief Justice holds in his opinion that all the exceptions should be overruled except the ninth, and Associate Justice Gary holds in his opinion

that all the exceptions should be overruled except the seventh and eighth. The result is that all the exceptions are overruled by a majority of this Court, and the judgment of the Circuit Court is affirmed.

MR. JUSTICE JONES *concurs.*