7742

### GODFREY v. PULLMAN CO.

1. Carrier—Pullman Company—Negligence—Issues.—Where a passenger on a Pullman car loses money and jewelry from under his pillow and he testifies that on two occasions during the night he was up and no one was on watch and both doors were unlocked, it is proper to send issue of negligence to jury. Does mere loss under such cricumstances raise a presumption of negligence?

2. Ibid.—Ibid.—Passenger—Baggage—Issues.—When it indisputably appears that the article in question or the amount of money carried is not reasonably necessary for the journey, its purpose and extent, and the condition and circumstances in life of the passenger being considered, the Court can say as matter of law that it cannot be carried as baggage, but where the evidence is susceptible of more than one inference it raises an issue of fact which must be sent to the jury.

3. Ibid.—Ibid.—Ibid.—Ibid.—Husband and Wife—Estoppel.—The wife knowing of the suit by her husband to recover of the carrier the value of her ring, lost while a passenger, and aiding him by her testimony would be estopped from suing for it again in her name.

4. Ibid.—Ibid.—Baggage—Husband and Wife.—A husband may sue a carrier for the value of the ring of his wife, lost while a passenger and while in his possession, at the request of the wife.

5. Rehearing refused.

Before Gary, J., Chesterfield, November term, 1909. Affirmed.

Action by Wm. Godfrey against Pullman Co. From judgment for plaintiff, defendant appeals.

*Messrs. W. F. Stevenson, Barron, Moore & Barron* and
*Douglass McKay,* for appellant, cite: *Plaintiff must show
negligence to recover.* Hutch. on Car. sec. 1130; 4 Elliott
on R. R., sec. 1622; 1 Flipp. 500; 21 A. & E. R.
R. Cas. 447. *Mere loss raises no presumption of negli-
gence:* Hutch. on Car., sec. 1131; 79 Am. St. R. 314; 123
U. S. 61; 58 Am. R. 135; 21 Am. St. R. 744; 70 S. W.
771. *Duty of sleeping car company to passengers:* 58 Am. R.
135; 22 Ency. 797, 800; 16 Am. & Eng. R. R. Cas. 224;
44 L. R. A. 790; 21 A. & E. R. R. Cas. 443; 6 Cyc. 659;
4 Elliott on R. R. sec. 1623; 58 N. Y. S. 300; 86 Ill. App.
619; 24 Am. R. 258; 77 S. C. 434. *To what extent can the
appellant be held liable?* 6 Cyc. 661, 667; 28 Am. R. 104;
5 Am. R. 655; 159 Fed. 1; 97 Am. St. R. 434; Rover on
R. R. 987; 2 Beach's Law of Rys. sec. 909; Hutch. on Car.
sec. 617; 70 S. C. 329.

*Mr. W. P. Pollock,* contra. No argument received by
Reporter.

December 14, 1910. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. Plaintiff and his wife took pas-
sage on one of defendant's sleeping cars at Cheraw, S. C.,
and plaintiff paid for a berth for himself and wife to Wash-
ington, D. C. They were going to New York on a pleasure
trip for a week, but did not inform the conductor of defend-
ant's car of their intention to go further than Washington,
the point to which they engaged the berth. On retiring for
the night, plaintiff put his purse, containing $145 and his
wife's diamond ring, worth $150, under his wife's pillow,
which was on the side farthest from the aisle. The next
morning the purse and its contents were missing, and have
never been found. The allegation is that it was stolen while
plaintiff and his wife were asleep. Plaintiff testified that at
two places on the route—at Hamlet, N. C., and at Rich-

mond, Va.,—he was up, and the conductor and porter of the sleeping car were both out on the platform of the railway station, no one being left in the car to keep watch, and both the front and rear doors of the car were left unlocked. He also testified that the money carried by him was not more than a reasonable amount for the expenses of himself and wife on such a trip. The defendant offered no testimony, and plaintiff recovered judgment for $295.

The first exception was evidently taken under a misapprehension of the ruling of the Circuit Judge on the defendant's motion for nonsuit, and of his charge to the jury. This exception alleges that his Honor held and charged the jury that the mere proof of loss, under the circumstances, raised the presumption of negligence and cast the burden on defendant of proving the exercise of due care. The record shows that his Honor did not so rule or charge. In concluding his remarks on the motion for nonsuit, he said: "I will leave it to the jury to say whether or not the sleeping car company was guilty of negligence in this particular transaction." He charged the jury in part, as follows: "The action is based upon negligence; the plaintiff says he has suffered an injury on account of the loss of his property through the negligent and careless acts of the sleeping car company. They deny that; they deny that the loss was due to their negligence, and that puts upon the plaintiff the burden of proving his case by the preponderance or greater weight of the testimony. I am going to read to you what I consider the law to be: 'It is the duty of a sleeping car company to use reasonable care to guard its passengers from personal injury and their property or personal effects from theft, and if through want of such care the personal effects of a passenger, such as he would be reasonably supposed to carry with him, are stolen, the company is liable therefor.' I do not wish to be understood as charging you that a sleeping car company is liable to a passenger for any and all

of his personal effects that might be stolen through the negligence of those in charge of such car, but in the absence of any special notice to the company they are only liable for the loss of such articles or personal effects that he would be reasonably supposed to have or carry with him. Now, the sleeping car company says they were not reasonably to suppose that the plaintiff had as much as $150 in his pocketbook, or reasonably supposed to believe that he had a diamond ring in there, their contention being that it is more money than they were put on notice of his having, and that they were not supposed to know that he had a diamond ring, as that is not one of the usual equipments of a passenger while traveling on a sleeping car."

From the foregoing it will be seen that it is not necessary in this case to decide the question whether mere loss, under such circumstances, raises a presumption of negligence, which casts upon the sleeping car company the burden of proving due care—a question of great importance both to the traveling public and sleeping car companies, and one to which the courts of other jurisdictions have given different answers. But all the authorities agree that such companies are liable for loss of a passenger's baggage due to their negligence. The testimony that both the conductor and the porter were out of the car at the same time, leaving no one to keep watch while the passengers were asleep, both doors being unlocked, made it necessary to submit to the jury the issue whether defendant was guilty of negligence, and they have answered that question in the affirmative.

The next question presented is whether the Court should have held, as matter of law, that plaintiff could not recover for the value of the ring, on the ground that it was not being carried for the purpose of being worn on that trip by plaintiff's wife, but merely for the purpose of having it repaired, and, therefore, could not be considered as baggage.

Plaintiff's wife testified that she always wore the ring and' had never had it off her hand, except once before, to have it fixed; that on this occasion she gave it to her husband, because the stone was loose, and would catch in things, and she was afraid she would lose it. Plaintiff testified that his wife gave it to him before going to the train, and asked him to keep it in his pocketbook until they could get it fixed, and' that they intend'ed to have it fixed while North. This testimony made an issue for the jury, whether the ring was being carried merely for the purpose of having it repaired, or with the ultimate intention of its being worn by plaintiff's wife during the remainder of the trip, after it had been repaired; and also whether, under all the circumstances, it was reasonably necessary to the pleasure, comfort or convenience of plaintiff's wife during any part of the journey. The authorities agree that a reasonable amount of jewelry, according to the condition and circumstances in life of the passenger, may be carried as baggage for use on any part of the journey. When it indisputably appears that the article in question, or the amount of money carried, is not reasonably necessary for the journey, its purpose and extent, and the condition and circumstances in life of the passenger being considered, the Court can say, as matter of law, that it cannot be carried as baggage. But where the evidence is susceptible of more than one inference, as it is in this case, it raises an issue of fact which must be submitted to the jury. Defendant contends that it should not have been held liable for more money than was necessary for the expenses of the plaintiff and his wife to Washington, because it was not informed that they were going elsewhere. The amount of money or the character of the baggage carried by a passenger is not to be limited to the requirements of any particular part of the journey, or any particular line of connecting carriers; nor is the passenger, in the absence of a request, bound to volunteer information as to the nature or value of his bag-

gage, or the amount of money he has with him, if it is only such and so much as he is entitled to carry for the journey contemplated.

The next assignment of error is in holding that plaintiff can recover the value of the ring, notwithstanding it is his wife's property. The objection is more technical than substantial, inasmuch as the wife, knowing of the suit by her husband and aiding him in her testimony to recover the value of the ring, would be estopped to sue for it again in her own name. But the plaintiff was a bailee of the ring, and the rule is that a bailee has such special property or right in the thing bailed as entitles him to protect it against wrongdoers. As against third persons, he may sue for and recover damages for its injury, loss or destruction caused by their negligence. *Jones* v. *McNeil,* 2 Bail. 466; *Harrison* v. *Lloyd,* 9 Rich. 161; *Thayer* v. *Hutchinson,* 13 Vt. 504, 37 Am. Dec. 607; *Poole* v. *Symonds,* 1 N. H. 289, 8 Am. Dec. 71; Note to *Hostler's Administrators* v. *Skull,* 1 Am. Dec. 586; 5 Cyc. 222-3; 3 A. & E. Ency. L. (2 ed.) 761. See *Battle* v. *R. R.,* 70 S. C. 329, 49 S. E. 849, where the husband was allowed to sue for and recover the value of his wife's baggage.

Judgment affirmed.

December 14, 1910. PER CURIAM. Upon consideration thereof, ordered that the within petition be dismissed and the stay of remittitur be revoked.