### Adamne Haaga, Defendant in Error, v. Austro-Americana Line, Plaintiff in Error.

### Gen. No. 18,754.

1. CARRIERS—*authority of agent to receive baggage.* Where an immigrant suing for loss of baggage claims that the baggage was taken from her hotel in a foreign port by a representative of the steamship company, who gave no check or receipt, that the baggage was in fact shown to be placed on board the steamship is sufficient *prima facie* to prove delivery to an authorized agent.

2. CARRIERS—*loss of baggage.* The mere fact a passenger who delivers baggage to a carrier does not receive a check or other receipt for the same is unimportant, where the evidence shows that the carrier actually received the baggage in its possession.

3. CARRIERS—*admission as to amount of loss.* An admission as to value of lost baggage made by an immigrant to a steamship company, upon a printed blank and signed by mark only, will not as a matter of law, be given more weight than the immigrant's positive statement as to the actual value given on the trial.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

GUTHMAN & ROTHSCHILD, for plaintiff in error; FRANK H. BICEK, of counsel.

LOUIS BRANDES, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

The Municipal Court entered a judgment against plaintiff in error for $103.05, in favor of defendant in error, for the value of baggage alleged to have been received by plaintiff in error and lost in transit. Plaintiff in error operates a line of trans-Atlantic steamships. In May, 1908, defendant in error emigrated from Austria. When she arrived in Triest, the steamship company sent her to a hotel, and the next morning a representative of the steamship company came to the hotel and took her baggage (consisting of wearing apparel and some personal belongings wrapped in a bale) to the docks. She testified that after she boarded the steamer she saw her baggage upon the steamer, and that a man wearing the uniform of the agents of the steamship company told her the bundle was too large, to which she made no reply. Upon her arrival in New York the baggage was missing, and upon a diligent search by the plaintiff in error and its agents, no trace of the property could be found. Defendant in error was not given any baggage check or other identification receipt.

It is contended that there was no proof that the person who took the baggage from the hotel in Triest was an authorized agent of the steamship company. We think the absence of proof to that effect is not controlling for the reason that the baggage was in fact shown to have been placed on board the steamship, which is, in our opinion, sufficient *prima facie* to prove delivery to the authorized agents of the plaintiff in error. The mere fact that a passenger who delivers baggage to a carrier does not receive a check or other receipt for the same is unimportant, where

the evidence shows that the carrier actually received the baggage of such passenger into its possession. "As to personal baggage of the passenger, delivered to and taken possession of by the carrier, the liability of the latter is that of a common carrier of goods" (6 Cyc. 662). "The giving of a check or receipt is a mere matter of convenience, and the time when the carrier's liability commences will not depend upon the issuance of such receipt or check, but upon the actual acceptance of the baggage for transportation" (*Id.* 670). These principles are sustained in the following cases: Camden & Amboy R. R. Co. v. Belknap, 21 Wendell, 354; Hickox v. Naugatuck R. R. Co., 31 Conn. 281; Waldron v. C. & N. W. R. R. Co., 1 Dak. 351; L. S. & M. S. R. R. Co. v. Foster, 104 Ind. 293.

A point is also made by plaintiff in error that the evidence does not warrant so large a verdict as $103.05. That value was sworn to by the plaintiff below and is only questioned here on account of an alleged admission that at the time she made claim to the steamship company for the loss of her baggage the value was stated by her at $40. It was, however, shown that this statement was made upon a printed blank used by the agents of the plaintiff in error in such cases, and was signed by the plaintiff below by mark only. We cannot say, as a matter of law, that such an alleged admission should be given more weight than her positive statement as to the actual value. The trial judge saw and heard her testimony, and was better able to determine this question than we are.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*