LAND MORTGAGE &c. COMPANY v. WILLIAMS.

1. GENERAL DENIAL—CAPACITY TO SUE.—The complaint alleged "that the plaintiffs are a corporation duly chartered under the laws of the kingdom of Great Britain, doing business in the State of South Carolina." Answering this allegation, the defendant said "he has no per-

sonal knowledge of the facts therein stated or information of the truth thereof sufficient to form a belief, therefore denies the same." *Held,* that this was a general denial, which is not sufficient to put in issue the plaintiff's legal capacity to sue.

Before IZLAR, J., Hampton, February, 1891.

This was an action for foreclosure of mortgage brought by the Land Mortgage Investment and Agency Company against Ben S. Williams. Upon the point involved in the appeal, the Circuit Judge ruled as follows :

At the close of the plaintiff's case, defendant moved the court for a non-suit on the ground that there was no proof of the corporate existence of the plaintiffs. The trial was directed to proceed, judgment on the motion being reserved. It now becomes necessary to determine this question.

The first paragraph of the complaint is as follows : "That the plaintiffs are a corporation duly chartered under the laws of the kingdom of Great Britain, doing business in the State of South Carolina, and are entitled to make the contract hereinafter mentioned." The answer of the defendant is as follows : "As to paragraph one of said complaint, the defendant has no personal knowledge of the facts therein stated, or information of the truth thereof sufficient to form a belief; therefore denies the same and requires strict proof thereof." This answer, as we understand our own court in the case of *The Steamship Company* v. *Rodgers* (20 S. C., 32), amounts only to a general denial of the first paragraph of the plaintiffs' complaint, and does not put in issue in the manner required the legal capacity of the plaintiffs to sue as a body corporate. In *The Steamship Company* v. *Rodgers, supra,* the court says : "It may be true that a general denial under the Code, like the general issue under the old practice, as a rule throws upon the plaintiff the onus of proving all the material allegations of his complaint, but it seems that for special reasons the Code makes an exception as to those matters which are set down in section 165 as causes of demurrer, and of these the second is, 'that the plaintiff has no legal capacity to sue.' As to the matters so set down in the section indicated, the objection must be specially taken either by demurrer or answer;

and if not so taken, 'the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.' Under a general denial the defendant cannot insist that plaintiff has no legal capacity to sue, when that fact does not appear on the face of the complaint." See, also, *Insurance and Banking Co.* v. *Turner*, 8 S. C., 111; *Palmetto Lumber Co.* v. *Risley*, 25 S. C., 315; *American Co.* v. *Hill*, 27 S. C., 164.

As was said in the case of the *Palmetto Lumber Co.* v. *Risley*, *supra*, as the allegation concerned only the legal capacity of the plaintiff to sue, we think it was necessary for the defendant to controvert it by an express, specific denial, not difficult to make, in order to put the fact properly in issue. "When the objection is made by demurrer, there is no doubt whatever that it must distinctly state the grounds of objection; and we cannot see why less should be required when it is allowed to be made by answer." But it is contended that the clear intention of the Code, as was said in *The Insurance and Banking Co.* v. *Turner*, *supra*, is that the defendant shall give by his demurrer or answer specific notice that he intends to rely on one or more of these specific defences, and that the answer of the defendant herein so notifies the plaintiff. But, as we have seen, the answer of the defendant, amounting only to a general denial of the first paragraph of the complaint, is not sufficient to notify the plaintiff that the defendant meant to rely on the defence that the plaintiff has no corporate existence.

It is true that the answer, after stating that "as to paragraph one of said complaint, the defendant has no personal knowledge of the facts therein stated, or information of the truth thereof sufficient to form a belief," concludes as follows, "therefore denies the same and requires strict proof thereof." The first part of this paragraph can, at most, only amount to a denial of knowledge or information sufficient to form a belief, and this, we have seen from the cases already cited, does not put the plaintiff's corporate existence or capacity to sue in issue; and the further allegation, "therefore denies the same and requires strict proof thereof," does not, in our opinion, convert what, without these words,

would be a general into a specific denial. Under our Code it is only when the defendant has neither *knowledge* nor *information* to enable him to form a belief on the subject that he can controvert an allegation under this provision. Here the defendant alleges that he "has no personal *knowledge* of the facts stated," but does not allege want of *information* as to the facts alleged.

The want of *information* alleged is of the *truth* of the facts, but not of the facts. He therefore denies the facts alleged, not because he has no knowledge or information sufficient to form a belief as to their truth, but because he has no knowledge of the facts, "or information of the truth thereof sufficient to form a belief." While the defendant may have had no personal *knowledge* of the facts alleged, he may have had, and doubtless did have, *information* concerning the facts alleged sufficient to have formed a belief as to whether or not they were true or untrue. The want of *knowledge* or *information* must be of the facts, and not of their truth. This must necessarily be so, as our *belief* in regard to the facts must be founded upon the *knowledge* or *information* which we have of the facts themselves, and not upon our opinion as to the truth of those facts. Such a denial without the further allegation, "therefore he denies the same," would be sufficient to put in issue the material facts alleged. This being the case, the latter allegation will be disregarded.

But we go farther and say that even if the answer be regarded as a denial of want of knowledge or information sufficient to form a belief, it would be but an idle ceremony to deny the truth of the allegation after having asserted that defendant had no belief whatever, whether it was true or not. Such being the case, the answer can, at most, only be regarded as a denial of any knowledge or information sufficient to form a belief, and such denial does not put the plaintiff's corporate existence in issue. *American Company* v. *Hill, supra.* The view which we have taken of this case leads us to the conclusion that the answer of the defendant did not put in issue the plaintiff's corporate existence, the allegation of the answer under consideration amounting only to a general and not to a special denial. This being the case, the plaintiffs were not required at the trial to prove their capacity to sue. The motion for non-suit is therefore refused.

*Messrs. Skinner & Williams,* for appellant.

*Messrs. J. J. Brown, John T. Sloan, jr.,* and *Allen J. Green,* contra.

February 27, 1892.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The defendant, on the tenth day of April, 1886, at Brunson, in this State, made his note, whereby he promised to pay the plaintiff the sum of three thousand and eight hundred dollars, with interest, at periods fixed therein, and to secure the payment of the aforesaid sum he executed a mortgage of a tract of land containing one thousand acres, situate in Hampton County, in this State.  Having made default in the payment of this sum of money, on the 5th day of May, 1890, the plaintiff brought an action against the defendant in the Court of Common Pleas for Hampton County, to recover judgment against the defendant for the money so due and owing, and also to sell the tract of land embraced in the mortgage, the proceeds of such sale to be applied to the satisfaction of such debt and costs. The defendant answered the complaint as to the merits thereof.

The action came on before Judge Izlar for trial at the February term, 1891, of the Court of Common Pleas for Hampton County, and his decree in favor of the plaintiffs was rendered on the 29th day of April, 1891, from which the defendant appeals upon one ground, namely : Because his honor, Judge Izlar, erred in holding that the plaintiff's capacity to sue was not in issue, and in rendering judgment for the plaintiffs.

It will not be necessary, in order to see the point made by appellants, to do more than reproduce the paragraphs of the complaint and answer, respectively, that raise the issue.  Paragraph 1 of plaintiffs' complaint is as follows: "1. That the plaintiffs are a corporation duly chartered under the laws of the kingdom of Great Britain, doing business in the State of South Carolina, and are entitled to make the contract hereinafter mentioned." Paragraph 1 of defendant's answer is as follows : "1. As to paragraph one of said complaint, the defendant has no personal knowledge of the facts therein stated, or information of the truth thereof sufficient to form a belief ; therefore denies the same and

demands strict proof thereof." The first paragraph of the complaint contains three allegations—*first*, the corporate existence of the plaintiff; *second*, that such corporation is doing business in this State; and *third*, that it was entitled to make the contract sued on. The first paragraph of the answer denies these allegations as not having any personal knowledge thereof or any information of the truth thereof sufficient to form a belief.

The corporate existence of the plaintiff alone enabled it to have the legal capacity to sue, and there being two other allegations of fact in the first paragraph of the complaint, the denial thereof by the defendant was a general denial. It must be apparent to every one that the appeal here renders necessary a construction by the court of sections 165, 166, 168, 169, and 170 of our Code, in order to ascertain if a general denial in the answer will enable the defendant to put in issue the legal capacity of the plaintiff to sue. This court has repeatedly construed these sections for that very purpose, and has uniformly decided that such an issue is not made by a general denial, but that, in order for the defendant to put the plaintiff on the trial to proof of its legal capacity to sue, the same must result from a *specific denial of such fact. Commercial Insurance and Banking Company* v. *Turner*, 8 S. C., 111; *Steamship Company* v. *Rodgers*, 21 *Id.*, 33; *Palmetto Lumber Company* v. *Risley*, 25 *Id.*, 316; and *American &c. Company* v. *Hill*, 27 *Id.*, 165. It follows, therefore, that the appeal must be dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.