WOODCOCK v. BOSTIC.

(Filed May 14, 1901.)

1. PLEADING—*Answer*.

An allegation in answer that defendant has no knowledge of facts alleged in a certain paragraph of the complaint is not sufficient to put such facts in issue.

2. PLEADING—*Answer*.

An allegation in an answer that the defendant has no information of facts alleged in a certain paragraph of the complaint, and that he demands proof thereof, is not sufficient to put such facts in issue.

3. AMENDMENT—*Pleading—Demurrer—Discretion—Practice*.

It is solely within the discretion of the trial judge to allow an amendment to a complaint after a demurrer thereto has been sustained, or to dismiss the action.

4. EVIDENCE—*Parol Evidence—Contract—Written Contract*.

Where the purchaser of mortgaged property entered into a written contract to indemnify the mortagor and the mortgagee against loss, the mortgagee having assigned the notes and mortgages for value, evidence of a subsequent parol condition to the contract of indemnity between the purchaser and one of the parties indemnified is inadmissible.

5. LIMITATIONS OF ACTIONS—*Amendment—Demurrer.*

When a demurrer to a complaint is sustained but a motion to dismiss is refused and an amended answer allowed to be filed—the amendment not stating a new cause of action—it is a continuation of the same action and the statute of limitation ceased to run at the beginning of the original action and not at the filing of the amendment.

6. LIMITATIONS OF ACTIONS—*Time of Commencing Actions—Reversal of Judgment—Nonsuit—The Code, Section 166.*

The Code, Section 166, authorizes the commencement of a new action or the same cause of action within one year after reversal of judgment on appeal, though the first complaint was insufficient to state a cause of action.

ACTION by Julia E. Woodcock against J. B. Bostic, B. D. Suttle and J. M. Ray, heard by Judge *O. H. Allen,* at November Term, 1900, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendant J. M. Ray appealed.

*A. S. Barnard,* for the plaintiff.
*J. W. Summers,* for the defendant.

FURCHES, C. J.    This case was here at February Term, 1896, and is reported in 118 N. C., 822, where a very full statement of the facts may be seen. We therefore think it sufficient in this appeal to say that on the second day of August, 1890, D. D. Suttle made and executed his note to J. B. Bostic for $5,500, which note was secured by a deed of trust on real estate; that before this note became due the defendant Bostic, for value received, endorsed it to the plaintiff, Julia E. Woodcock; that subsequent to this assignment to the plaintiff, the defendant James M. Ray purchased the land mortgaged as security for the $5,500 note so endorsed to plaintiff; and the defendant Ray, in consideration of the

premises and ten dollars, entered into a written contract and agreement with Bostic and Suttle to assume and pay the $5,500 note then due to Mrs. Woodcock.

The lands named in the mortgage or deed of trust have been sold, and the proceeds applied subject to costs and expenses. But a large amount of said debt is still due the plaintiff, and Bostic and Suttle are insolvent; and the plaintiff is trying to collect the balance due her on said note out of the defendant Ray on his written assumption given to Bostic and Suttle, in which he agreed to pay the debt and hold them harmless.

The action, as originally brought, was an action at law to enforce payment out of the contract of Ray with Bostic and Suttle, in which he agreed to pay the debt and *hold them harmless.* The Court held that the plaintiff could not do so in that action, as then constituted. But in discussing the case, the Court suggested that she might have this right by way of subrogation in an equitable action.

When the action was brought, the defendant Ray demurred upon the ground that plaintiff had not cited a cause of action against defendant Ray, as she had failed to connect herself with the written assumption; that he was under no contract with her, but his contract was with Bostic and Suttle to hold them harmless. The Court below overruled this demurrer, and defendant appealed, and this Court overruled the judgment of the Court below and sustained the demurrer.

Upon the opinion and judgment of this Court being certified to the Superior Court of Buncombe County, the plaintiff took judgment by default against Bostic and Suttle. The case seems to have remained on the docket until August Term, 1898, when the defendant "moved to dismiss the case, and the plaintiff asked leave to file an amended complaint." The defendant's motion was refused, and the plaintiff's motion allowed.

Whereupon, the plaintiff filed an amended complaint set-

ting up her equities, and asked to be subrogated to the rights of Bostic and Suttle, and the defendant answered. The defendant excepted to the refusal of the Court to dismiss the action and to the order of the Court allowing plaintiff to amend her complaint.

The defendant in his answer contends that the matter involved is *res judicata,* and that the contract of defendant Ray with defendants Bostic and Suttle did not contain the entire contract.

Defendant also alleges that it was agreed between him and Bostic *before the contract was signed,* that Bostic was to pay him $2,300 before he paid the plaintiff; that this agreement was left out by inadvertence, and that the plaintiff knew of this and acquiesced in it.

The defendant also (as it would seem) attempts to deny paragraph 2, under The Code. But he only alleges that "he has no knowledge of the facts" alleged in this paragraph. And he says that "he has no information" in regard to the truth of the allegation of paragraph 7 of the amended complaint, and demands proof of the same. He also pleads the Statute of Limitations.

The general rule is to dismiss the action upon the demurrer being sustained. But this is not always done. It seems to be a matter within the discretion of the Court. It may retain the case and allow the plaintiff to amend the complaint upon payment of *all the costs.* This puts the parties upon the same footing as if the action was dismissed and a new action brought. And it saves delay and expense in bringing a new action. *Netherton v. Candler,* 78 N. C., 88; *Procter v. Ins. Co.,* 124 N. C., 265. In this case the Court required the plaintiff to pay *all the costs,* and the cases just cited are authority for allowing the amendment.

We do not think paragraph 2 is answered, nor paragraph 7. Indeed, there does not seem to be a seventh paragraph in the complaint.

As the plaintiff seeks to be subrogated to the rights of Bostic and Suttle, she would be entitled to no rights that they would not be entitled to. This presents the question as to whether the defendant Ray could enforce the alleged parol part of the contract of indemnity. And we are of the opinion that he could not. The alleged part of the contract, not reduced to writing, was made *before* the written contract was entered into, and, if made, was a part of the contract of indemnity. This being so, it can not be enforced. It can not be added to and made a part of the written contract. *Quinn v. Sexton,* 125 N. C., 447. And a further reason why he could not insist upon the alleged parol contract, is that the written contract is to indemnify and hold harmless Bostic and *Suttle,* when this alleged parol contract is only claimed to have been made with Bostic.

As a general rule, the plea of the Statute of Limitations is one of fact and law, and must be submitted to the jury—the burden being on the plaintiff. But in this case it is not contended but what the action was brought in time. This takes the case out of the general rule. But the defendant says that more than three years had elapsed from the time the note fell due and the filing of the amended complaint, and more than one year from the time the opinion of the Supreme Court was certified to the Superior Court before the amended complaint was filed. But it seems that the case was continued on the docket, and a case in court, until August, 1898, when the *defendant moved to dismiss* the same, and the plaintiff then moved for leave to file an amended complaint, which was allowed, and as a matter of fact the case never was dismissed. It would then seem that it was simply a question of whether the Court had the right to allow the amendment, and we think it did, but have discussed that question above.

But defendant says there is another question involved: That if plaintiff was allowed to amend her complaint, she was not

allowed to allege a *new cause* of action; and if she did, the original action was no protection to her as against the Statute of Limitations. We agree with the defendant's law, but do not think it applies to this case. The defendant, in order to apply this law to his case, alleges that the original complaint was a good statement of a bad cause of action, while it seems to us to have been a bad statement of a good cause of action. And he says that, as the Court held that plaintiff could not recover on the first complaint, the statute, section 166 of The Code, does not apply.

It would seem that if this construction be put on section 166, it would be of very little value. For, as a general thing, if the party could recover in the action as constituted, there would be no reason for taking a nonsuit, nor grounds for dismissing the action. But this very question has been decided against defendant's contention. *Webb v. Hicks,* 125 N. C., 201; *Straus v. Beardsley,* 95 N. C., 59; *Wharton v. Commissioners,* 82 N. C., 11.

The best we can do for the defendant is to treat the case as if it had been dismissed upon defendant's motion in August, 1898; and we find that the plaintiff obtained leave to file the amended complaint at the same term of Court, and filed the amended complaint soon thereafter.

We do not think *Mizzell v. Ruffin,* 118 N. C., 69, *Hester v. Miller,* 107 N. C., 724, nor any other case the defendant cited, conflict with the views we have taken and the cases we have cited.

In cases where new and independent causes of action are brought in, the rule is as contended by defendant. But such cases are not like this, where no new cause of action has been brought in, but only a restatement of the same cause of action that was set up in the original complaint.

As we see no error, the judgment will be

Affirmed.