· [No. 4260.]·

## THE DOWNING NORTH DENVER LAND COMPANY V. BURNS.

**1. Pleading—Answer—Denial on Information and Belief.**

An answer which alleges that defendant "has not and can not obtain sufficient information upon which to base a belief" is not·in compliance with the provisions of the code and is fatally defective in failing to negative "knowledge" as well as "information." Advantage of such defect may be taken by motion, or the allegation may be treated as not tendering an issue.

**2. Practice—Motion for Judgment on Pleading—Orders of Court —Clerical Errors.**

Where the record shows that on the day a motion for judg-· ment on the pleading was made, an order was entered denying said motion, and a subsequent entry recites that the cause came on to be heard upon the motion for judgment on the pleading, and evidence and argument of counsel was heard and the motion was granted and judgment entered for plaintiff, it is evident that that part of the subsequent entry which recites that the motion for judgment on the pleading was granted was a clerical error, and that the order intended to be entered was that of default of defendant for want of an answer, and it will be so considered in the appellate court.

**3. Pleading—Failure to File Amended Answer.**

Where a decree recites that defendant failed to file an amended answer, and there is nothing in the record to show that defendant was denied the right to file such amended answer, the appellate court is bound by the recital of the decree.

**4. Mortgages—Foreclosure—Practice—Pleading—Evidence.**

In an action to foreclose a deed of trust where the complaint alleged the execution, maturity and non-payment of the note, and the execution and record of the deed of trust, setting forth the condition authorizing the sale of the property in case of default in the payment of the note, and no. answer was filed putting in issue the execution of the note or deed of trust, it was not necessary that the deed of trust be introduced in evidence nor that its execution be proven.

*Appeal from the District Court of Arapahoe County.*

The plaintiff, appellee here, began suit in the district court for the foreclosure of a deed of trust.

The complaint alleges the due execution of a promissory note by the defendant for the sum of $2,368.11; that the note has become due and that no part or portion of the principal, and only one instalment of the interest, has been paid; the due execution and record of a deed of trust by the defendant to secure the payment of the note; and sets forth a condition contained in the deed of trust authorizing the sale of property in case of default in the payment of the note. The defendant answered admitting the execution of the note, and denying the other allegations of the complaint, in the following form: ''This defendant hath not and cannot obtain sufficient information upon which to base a belief.'' A motion to strike the answer and for judgment upon the pleadings was interposed, and that portion of the motion asking that the answer be stricken was granted, that portion asking for judgment upon the pleadings being denied. Twenty days thereafter, the attorneys for the parties being present, the following order was entered: ''And thereupon this cause coming on to be heard upon plaintiff's motion for judgment on the pleadings against said defendant, The Downing North Denver Land Company, is argued by counsel, and, having heard certain evidence produced and the argument of counsel, and being now sufficiently advised in the premises, the court doth grant said motion; wherefore, it is ordered by the court that judgment be entered herein in favor of the plaintiff and against the defendant, The Downing North Denver Land Company, according to plaintiff's complaint, and let the decree for the same be recorded in the judgment book.'' The decree entered the same day recites that the motion to strike the answer was sustained and the motion for judgment upon the pleadings was denied, and that the defendant, The Downing North Denver Land Company, having failed to file an amended answer

within the time allowed by the court, the cause came on to be heard upon the complaint and the evidence submitted in support thereof. Then follows a finding and judgment in favor of the plaintiff and a decree for the sale of the property. The mortgage was not produced at the hearing, and no proof of its execution or of its terms was offered.

The defendant company excepted to the granting of the motion for judgment upon the pleadings and to the judgment and decree. The errors assigned are: That the court erred in granting the motion to strike the answer and for judgment upon the pleadings; that the court erred in refusing defendant the right to file an amended answer; and that the court erred in rendering a judgment against the defendant and erred in decreeing a foreclosure of the property.

The case comes here on appeal.

Mr. WM. T. ROGERS and Mr. JOHN F. MAIL, for appellant.

No appearance for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

The court did not err in granting the motion to strike. The denial not being in the form prescribed by the statute, the motion to strike was properly granted. "The statute appears to make a distinction between the words 'information' and 'knowledge,' and to say that one has not sufficient *information* upon which to base a belief, is not a compliance with the statute, which requires it to be stated that one has not *knowledge* or *information* upon which to base a belief." *Jones v. McPhee,* 9 Colo. 486; *Haney v. People,* 12 Colo. 345; *Grand Valley Irrigation Co. v. Lesher,* 28 Colo. 273.

"Advantage of this non-compliance with the statute may be taken by motion, or the allegation may be treated as not tendering an issue." *Grand Valley Irrigation Co. v. Lesher, supra.*

The motion for judgment upon the pleadings was denied, not granted. In the order made on the day the motion was heard, it is recited that the motion is denied, although from an order made on the 2nd of April, 1900, it might be inferred that the motion for judgment upon the pleadings was granted; but the order also states that the court, having heard certain evidence produced and the argument of counsel, granted said motion. From the order itself it is evident that the recital that the motion for judgment upon the pleadings was granted is a mere clerical misprision, and that the order intended to be entered was that of default for want of an answer. Moreover, the decree entered the same day recites that the motion for judgment upon the pleadings was denied and that proof in support of the allegations of the complaint was taken, the defendant having failed to file an amended answer within the time fixed by the court. The record does not show that the defendant was denied the right to file an amended answer, and we are bound by the recital in the decree, nothing appearing to the contrary, that the defendant failed to file an amended answer within the time prescribed by the court.

The defendant asserts that no proof of the execution of the mortgage was offered, and that for that reason the judgment should be reversed, and relies upon sections 62 and 168 of the code to support its contention. Neither section referred to is applicable to the case here. Section 62 provides that "When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and due

execution of such instrument is deemed admitted, unless the answer denying the same be verified," but this section does not require a written instrument to be copied into the complaint or annexed thereto, nor does it forbid the rendering of a judgment by default; it does provide, however, that unless the answer is verified, the genuineness and due execution of written instruments set out in the complaint or annexed thereto are deemed admitted, and this whether the complaint is verified or not. Section 168 does not require proof to be taken in such cases. If the court can assess the damages and give judgment without the taking of proof, he may do so, and it is only in cases where he cannot render judgment without doing so that he is required to take proof. This section of the code was under consideration in the recent case of *Ruth v. Smith*, 29 Colo. 154.

The judgment is right, and it is affirmed.

*Affirmed.*