MASON v. POSTAL TELEGAPH CABLE CO.

NEW TRIAL—TELEGRAPH CO.—TRESPASSER.—There being no evidence here tending to show that the telegraph company obtained the permit to enter the lands by fraud, or that it did anything not properly incident to the right, nor injuriously exercised the right in a negligent or wanton manner, new trial granted.

Before TOWNSEND, J., Spartanburg, May, 1904. Reversed.

Action by Lucinda Mason and Lizzie Mason against Postal Telegraph Cable Co. From judgment for plaintiff, defendant appeals.

Messrs. Ralph K. Carson, Ravenel & Gantt and Felder & Roundtree, for appellant.

Mr. Carson cites : New trial should be granted when jury disregard instructions of Court: 16 S. C., 14; 68 S. C., 523.

*If party is induced to make contract by fraud, he may repudiate it and return consideration: 56 S. C., 508. Party entering under permission is not trespasser: 32 S. C., 410; 56 S. C., 508.*

*Messrs. Felder & Roundtree,* same citations as in Burnett case.

*Mr. Stanyarne Wilson,* contra.

March 16, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiffs, as cotenants, brought this action against the defendant company for wilful trespass upon their lands in the construction of its telegraph lines upon the same. The main defense was a written permit or license granting right to the defendant to construct and maintain its lines upon said premises. The jury rendered a verdict for plaintiffs and defendant appeals from the judgment thereon.

The first question presented is whether the Circuit Court erred in refusing a motion for a new trial. It is error of law to refuse to grant a new trial when there is no evidence to sustain the verdict, and we think there is absolutely no evidence to sustain the verdict in this case. This case is different from the cases of *T. J. Burnett* v. *Postal Telegraph Cable Company, ante,* 146, and *Margaret Mason* v. *Postal Telegraph Cable Co., ante,* 150, because in those cases there was some slight evidence that the written permit was obtained under a false representation as to the place where the line was located, so as to carry the case to the jury for determination; whereas, in this case there was not the slightest evidence that the permit was obtained by fraud.

The undisputed evidence was that the plaintiff, Lizzie Mason, in consideration of two dollars, one for herself and one for her cotenant, Lucinda Mason, executed the permit granting the right to defendant to construct and maintain its

lines on said premises. The one dollar was actually delivered to Lucinda Mason by the plaintiff, Lizzie Mason. The uncontradicted evidence of J. B. Landers, the only witness examined for the defense, was to the effect that Lucinda Mason, while refusing to sign the paper without seeing her sister, Lizzie, said what Lizzie Mason would do would be all right with her; that while plaintiff, Lizzie Mason, hesitated for some time before signing, wishing first to consult her brother, Alonzo Mason, who had rented the land, finally signed it upon the advice of her brother, R. B. Mason, who witnessed the execution of the paper. The plaintiff, Lizzie Mason, admitted having signed the permit and having received two dollars therefor, and testified that defendant's agent told her he would make it all right with her brother, Alonzo, if he was not satisfied. There is nothing in this suggesting fraud and Alonzo is not making any claim in so far as his interest may have been affected.

The case, therefore, is one falling within the principles announced in the case of *Frances Granger* v. *Postal Telegraph Cable Co.,* 70 S. C., 528. That case shows that there is no foundation for an action of trespass by reason of the construction and maintenance of telegraph lines when one tenant in common of the property has granted permit or license so to do, unless defendant has committed a trespass by doing something not properly incident to the exercise of the right granted or by injuriously exercising the right in a negligent or wanton manner. There was no evidence that defendant did anything not properly incident to the exercise of the right granted. The defendant having entered for the construction of its lines by the permission of plaintiff, express so far as Lizzie Mason is concerned, and implied so far as Lucinda Mason is concerned, the defendant is not liable as trespasser under the circumstances stated.

This conclusion renders it unnecessary to consider the remaining exceptions.

The judgment of the Circuit Court is reversed and the case is remanded for a new trial.