### DELLENEY v. THE WINNSBORO GRANITE CO.

1. Trustee—Nonsuit.—Where a trust deed conveys land to a trustee in fee to secure rents and profits for *cestui que trustents* and to divide and convey the land among them when youngest attains his majority, trustee having died, leaving a son, and he and other *cestui que trustents* bring action for damages to the land, nonsuit should not be granted on ground that holder of legal title was not before the Court.

2. Parties—Demurrer—Answer.—Objection that proper parties plaintiff are not before the Court, cannot be urged on motion of nonsuit, but must be raised by answer or demurrer.

Before Gage, J., Fairfield, February term, 1904.    Reversed.

Action by Thos. E. Delleney *et al.* against The Winnsboro Granite Co.    From order granting nonsuit, plaintiffs appeal.

*Messrs. Buchanan & Hanahan, for appellants.    Mr. Hanahan* cites: *Nonsuit improper:* 44 S. C., 45; 45 S. C., 45, 46; 48 S. C., 421; 67 S. C., 243.    *Ten years adverse possession confers title:* 50 S. C., 457; 39 S. C., 18; 63 S. C., 423; 62 S. C., 193; 60 S. C., 401.    *On death of trustee title descends to heir at common law:* 2 Rich., 412; 26 S. C., 479; 43 S. C., 380.    *Possession is sufficient to recover:* 60 S. C., 401; 50 S. C., 131; 1 McM., 366.

*Mr. J. E. McDonald,* contra, cites: *Party holding legal title must sue for damages:* Code of Proc., 101; 47 L. R.

A., 639; 12 Rich. L., 200; 13 Rich. L., 172; 42 S. C., 138; 60 S. C., 561; 61 S. C., 1.   *Action should have been brought by trustee:* 36 S. C., 49.

June 28, 1905.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order of nonsuit.   The complaint alleges that the plaintiffs "are the legal owners and seized in fee and in possession" of the land therein described; and that the. defendants committed certain acts of trespass upon said premises.   It was admitted that Thomas W. Nelson purchased the land from J. R. Delleney, who had been in the possession thereof for more than twenty years before he conveyed to Thomas W. Nelson. and that Nelson conveyed to Rebecca R. Delleney, in 1887.   The premises of the deed were in the usual form and the habendum clause was as follows: "To have and to hold, all and singular the said premises before mentioned, unto the said Rebecca J. Delleney, her successors and assigns forever in fee, upon the trust nevertheless, and to and for the uses. interest and purposes hereinafter limited, described and declared, that is to say, upon trust to secure the rents, issues and profits of the said premises, and apply the same to the use of the children of the said Rebecca J. Delleney, and upon further trust to divide the said premises equally and convey the same to the children of the said Rebecca J. Delleney surviving when the youngest child reaches the age of twenty-one years, to them and their heirs, executors, administrators and assigns forever: *Provided, however,* That in the event of the death before the period herein limited of one or more of said children, leaving lawful issue, the share to which such child or children would have been entitled, if living, shall vest in and belong to such child or children."

Rebecca D. Delleney died in 1836, leaving the plaintiff, John D. Delleney, as her oldest male heir.   Upon the trial the plaintiffs introduced in evidence the deed from Thomas W. Nelson to Rebecca D. Delleney.   At the close of

the plaintiffs' testimony, the defendant made a motion for a nonsuit, upon the ground thus set out in the record: "Defendant's counsel: I move for a nonsuit upon the ground that the plaintiffs have failed to show any title to the land. They have introduced the deed. They alleged under the deed they are owners in fee and in possession of the land described in the complaint, and they have introduced the deed, which vests the legal title in the trustee, and we submit they are not entitled to recover in this case unless the trustee was a party or unless the trustee brought the suit. The proof is that there has been no division; and the fact that the trustee dies does not change the title. The trustee should have brought this suit, if at all, and made these other people parties. We submit that the fee did not vest in the beneficiaries until the division was made. Upon that ground we move for a nonsuit. The trustee had a duty to perform: to collect the rents and profits and to divide the land."

The nonsuit should not have been granted if the testimony tended to show that any of the plaintiffs held the legal title to the land. In the case of *Martin* v. *Price,* 2 Rich. Eq., 412, it was held that the statute of distributions has no application to the legal estate in trust property; and that where an estate in fee simple is vested in a trustee, the estate descends on the death of the trustee to the heir at common law. At common law the plaintiff, John D. Delleney, the oldest son of the trustee, would have been her heir. He was, therefore, upon the death of his mother, vested with the legal title to the land. When the deed of trust was introduced in evidence, it tended to establish the allegation of the complaint, that at least one of the plaintiffs was seized of the land in fee. *Kirby* v. *Quinn,* Rice, 264.

The ground upon which the motion was made for a nonsuit, related to the pleadings and not to the evidence. We may say in this case, as was said in *Browning* v. *Huff,* 2 Bailey, 174, 177: "The pleading does not question

2     the plaintiff's character, but his right of recovery on
         the merits." Section 165 of the Code provides the
remedy for taking advantage of a defect of parties, plaintiff
or defendant. When the defect of parties appears upon the
face of the complaint, the proper remedy is by demurrer.
If the defect does not appear upon the face of the complaint,
the objection may be taken by answer. If such objection
be not taken either by demurrer or answer, the defendant
shall be deemed to have waived the same. The case of *Shull*
v. *Caughman,* 54 S. C., 203, 32 S. E., 304, shows that this
objection cannot be urged upon a motion for nonsuit. See,
also, *Blackwell* v. *Mortgage Co.,* 65 S. C., 105, 43 S. E., 395.

It is the judgment of this Court, that the order of the
Circuit Court be reversed.