6699

## VOYLES v. POSTAL TELEGRAPH CABLE CO.

1. TRESPASS—FRAUD—TELEGRAPH COMPANIES.—In an action for trespass on lands, plaintiff may attack a permit to enter introduced by defendant as having been obtained by fraud without so alleging. Evidence here admitted as to defendant agreeing to locate poles of a telegraph company at certain places, not to cut shade trees and to trim them under direction of plaintiff, on the issue whether the permit was obtained from plaintiff through his negligence or by the false representations of defendant.

2. SURVIVAL OF ACTION FOR TRESPASS.—That an action for trespass survives not to the personal representative, but to the grantee or devisee of the deceased should be made by demurrer or answer. Opinion on the merits of the question reserved.

Before WATTS, J., Oconee, November, 1906. Affirmed.

Action by Stephen Baldwin against Postal Telegraph Cable Company. From judgment for plaintiff, defendant appeals.

*Messrs. J. P. Carey* and *J. W. Shelor,* for appellant. *Mr. Carey* cites: *In a suit for wilfulness verdict for actual damages should not be given in absence of proof of wilfulness:* 61 S. C., 186; 64 S. C., 495; 68 S. C., 98; 69 S. C., 332; 71 S. C., 104. *In absence of proof of wilfulness, nonsuit should have been granted:* 70 S. C., 528; 71 S. C., 153. *And because plaintiff cannot avoid his contract under proof here:* 71 S. C., 153. *And because action can only be maintained by grantee or devisee of deceased:* 71 S. C., 95; 58 S. C., 240; Gen. Stat., 2859. *Verdict should have been directed for defendant, because plaintiff made no proof of permit having been obtained by fraud:* 74 S. C., 559.

*Messrs. J. R. Earle* and *B. F. Martin,* contra, cite: *Wilfulness is no essential part of a cause of action for trespass, but merely a circumstance to enhance damages:* 21 Ency.

P. & P., 798; Suth. on Dam., 1010, 1011, 1015.  *Objection that action did not survive to executrix should be taken by demurrer or answer:* Code of Proc., 168, 169; 69 S. C., 40; 72 S. C., 39; Code 1902, sec. 2859.  *The action can be maintained by executrix:* 40 S. C., 397; 2 Brev., 28; 59 S. C., 577; Beach on Law of Ry., sec. 794; 61 Wis., 178. *Condemnation statute does not apply to foreign corporation:* 71 S. C., 99.  *Nor where right to compensation is disputed:* 62 S. C., 52; 59 S. C., 377; 38 S. C., 308; 42 S. C., 431.

October 31, 1907.  The opinion of the Court was delivered by

Mr. Justice Woods.  This case and the case of Stephen Baldwin against Postal Telegraph Cable Company were tried together in the Circuit Court, and on appeal in this Court.  The allegations of trespass on which the plaintiffs recovered judgment are identical.  The questions common to both cases are considered and decided in the Baldwin case, but the exceptions in this case raise other questions which it is more convenient to consider separately.

The original plaintiff, J. A. Voyles, the owner of the land, died after the commencement of the action, and it was continued in the name of his executrix.  In the deposition of J. A. Voyles, taken in his lifetime, he testified on the point of fraudulent representation in obtaining from him a permit which was precisely the same in terms as that set out in the Baldwin case: "I was on the bed when Eastman drove up out there.  My wife called to me and said there was somebody out there that wanted to see me; I got up to go out there; he introduced himself as Eastman to me; he said that he wanted to build a telegraph line in competition to the Western Union and make it better for everybody.  He said he just wanted one foot from the Southern right of way; I marked off with my toe just one foot from the Southern right of way and asked him if that

would be room enough, and he said yes.  My wife heard
the conversation.  Then I told him that the shade trees
should not be cut down, and then told him that there should
not be a pole in a hundred feet from my house; he said they
could put in long poles and work that very easily.  I told
him those trees must be cut and trimmed under my direc-
tion; and he agreed to do it, and said he would be right
along here when they were cutting them.  Well, then, he
had his little paper, and said all he wanted was just a permit
to go through; he said as quick as they went through I
should have every cent of damages; and I said what was
they paying other people; and he said from one to five dol-
lars a post.  I then signed what I understood to be just a
permit for him to go through, and he got right up and put
it in his pocket, gave me nothing, jumped in his buggy and
went off."  This evidence brought the case within the prin-
ciple of *Burnett* v. *Tel. Co.,* 71 S. C., 146, 50 S. E., 780,
and *Mason* v. *Tel. Co.,* 71 S. C., 150, 50 S. E., 782, and a
motion for a nonsuit for lack of evidence that the permit
was obtained by fraud was properly refused.  As in the
Baldwin case, it was for the jury to say whether the plain-
tiff entered into an unequal contract through his own negli-
gence, or was induced to do so by the false representation
of the defendant's agent.  It is true, the complaint does not
admit the giving of the permit and allege it to have been
obtained by false representation, but it was expressly de-
cided in *Mason* v. *Tel. Co., supra,* the plaintiff could, with-
out these allegations, attack such a permit for fraud when
introduced by the defendant in justification of the entry.
The objections to the competency of the evidence introduced
for the purpose of showing the entry was made with insult
need not be considered, because the nonsuit as to punitive
damages eliminated all such evidence as completely as if it
had been stricken out.

The order of the Circuit Court continuing the cause in
the name of the executrix after the death of J. A. Voyles
was made on the authority of the act of 1905 (24 Stat.,

945). "Causes of action for and in respect to any and all injuries and trespasses to and upon real estate, and any and all injuries to the person and to personal property, shall survive both to and against the personal or real representative (as the case may be) of deceased persons, and the legal representatives of insolvent persons, and defunct or insolvent corporations, any law or rule to the contrary, notwithstanding."

Defendant's counsel by motion for nonsuit made the point that the action being for trespass on real estate survived to the devisee or the grantee to whom Voyles had conveyed the land before his death, and not to the executrix. It is fatal to this objection for defect of parties that it was not made by answer or demurrer, as required by sections 165 and 169 of the Code of Procedure. *Anderson* v. *Baughman,* 69 S. C., 38, 48 S. E., 38; *Shull* v. *Caughman,* 54 S. C., 203, 32 S. E., 301; *Delleney* v. *Granite Co.,* 72 S. C., 39, 51 S. E., 531. We refrain from expressing an opinion as to whether the objection would have been sound if made by answer or demurrer.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.