6853

PITTSBURG PLATE GLASS CO. v. MONROE BROS.

1. WITNESS—CROSS-EXAMINATION.—Under the circumstances surrounding this case, it was not error to permit a party on cross-examination to be asked if he had not had other lawsuits, especially as he was given an opportunity to explain their nature.

2. PLEADING—CORPORATE CAPACITY.—Under an allegation specifically denying each and every other allegation of the said complaint, the corporate capacity of a plaintiff corporation is not put in issue.

3. DAMAGES—EVIDENCE.—Under a counterclaim not alleging as an element of damages that defendant had been deprived of the use of any portion of his building, it is proper to refuse evidence as to loss from such deprivation.

4. CHARGE.—Instruction relating to evidence on a certain point, "If it is worth anything, take it; if it is not, throw it away," simply instructs jury that they must determine the value of the evidence, and does not indicate the court thinks it of no value.

Before GAGE, J., Anderson, June term, 1907.    Affirmed.

Action by Pittsburg Plate Glass Company against J. F. and R. A. Monroe, trading as Monroe Bros.    From judgment for plaintiff, defendant appeals.

The allegations in point in the answer is "but specifically deny each and every allegation of the said complaint, including all allegations of paragraph three thereof."    Paragraph three alleges delivery of goods.

*Messrs. Martin & Earle,* for appellant, cite: *Evidence as to other litigations irrelevant:* Green Ev., 13a, 14a, 14b; 5 Ency., 861, 866; 61 S. C., 305. *General denial raises issue of corporate capacity:* 1 Ency. P. & P., 782. *Evidence should have been admitted of value of loss of part of building of which appellant was deprived:* Wigmom on Ev., Sec. 711, et seq.; 65 S. C., 148.

*Messrs. Paget & Watkins,* contra, cite: *Scope of cross-examination:* 77 S. C., 51; Green on Ev., Sec. 461b. *Error in excluding evidence is cured by admitting evidence on same point afterward:* 53 S. C., 451. *Answer does not put in issue corporate capacity of plaintiff:* 35 S. C., 372; 8 Rich., 111.

April 9, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action affords a remarkable instance of what can be accomplished even under a "summer sun," for it seems that these two young men, the defendants, began work late in July, 1905, when they

engaged in getting out the timbers to complete a brick store in the town of Honea Path, County of Anderson, State of South Carolina, which had a three-feet basement, two stories high, with a store room one hundred and twenty-eight feet in length and seventy feet in width, all of which was completed by the 15th day of October, 1905.

Being anxious for the building to be attractive, they desired a plate glass front; on the 21st day of July they made a contract with the plaintiff, Pittsburg Plate Glass Company, to have said plate glass placed on the spot between the 1st and 10th day of September, 1905.

At the trial it was admitted that the plaintiff furnished the plate glass included in their agreement; but it was claimed that the same could not be property placed in the front of the store because the Petz bars, through mistake, while shipped on the 2d day of September, failed to answer the purposes of their manufacture, which was discovered on the 18th day of October, thus delaying the completion of the plate glass front.

The pleading of the plaintiff set out their demand with the exhibit of the bill, amounting to $586.83.

The answer, somewhat adroitly put, does not deny absolutely the contract, but insists that the shipment was not received promptly under their contract, and that the defendants were kept out of use of said new building until about the 6th day of November, 1905, which caused the defendants to use their building with a dark street front, the entire front being necessarily planked up, and said entire front being insecure, thus causing defendants' loss of custom, and loss of profits in their business, expense in employing a night watchman, expenses in paying express charges on other materials, demurrage on goods and other expenses in the sum of $550, for which they have set up a counter claim.

The cause came on to be heard before Judge Gage and a jury; testimony was introduced by both parties; after the charge of his Honor, the jury returned a verdict for the

plaintiff for $586.83, and for the defendants on their counter claim for the sum of ten dollars.

A motion was made for a new trial, the grounds of which will be hereinafter reproduced; the Circuit Judge refused the motion. After judgment, the defendants appealed to this Court upon seven grounds, which we will consider numerically.

1. "The presiding judge erred in overruling defendants' motion for a new trial, with reference to the first ground thereof, which is as follows: 'Because it is respectfully submitted that his Honor erred in admitting, against defendants' objection, evidence tending to show that defendants had had other litigation in the courts, whereas the said evidence was irrelevant and injurious.' It is submitted that this evidence should have been excluded on the ground of irrelevancy and on the ground that it tended to injure defendant's case, said evidence being open under the head of irrelevancy to the objections that it tended to unfair surprise, confusion of issues, and undue prejudice."

Objection was raised in the cross-examination of one of the defendants to questions relating to litigation had by the defendants with other persons, and the circuit judge allowed such examination. In the management of trials very much is necessarily committed to the circuit judge, especially on cross-examination of witnesses, and this is true in the case of the cross-examination of the parties to the suit; one of the principles underlying such cross-examination is thereby testing the accuracy of statements and may be at times, by cross-examination, testing the spirit of the defense. Great care must always be evinced by the presiding judge less testimony may be admitted leading to the trial of extraneous matters. A judicious examination of one of the parties to the suit may be allowed.

Especially is this true as was done in the case at bar, when the defendants offered, without objection, such testimony by this witness in explanation of any apparent litigiousness of

the defendants themselves. Under these circumstances and confined to the circumstances of this particular case, we sustain the ruling of his Honor when he allowed this examination. This exception is overruled.

2. "Because it is respectfully submitted that his Honor erred in admitting, against defendants' objection, evidence tending to show that defendants had had other litigation in the courts, whereas the said evidence was irrelevant and injurious."

For the same reasons advanced in disposing of the first exception, the present exception is overruled.

3. "Because his Honor erred in refusing the motion for a new trial as to the second ground of said motion, which is as follows: 'Because there was no evidence in this case tending to establish that plaintiff was a corporation, as alleged in the complaint, this being an issue under the pleadings.' "

It is true that in their answer the defendants did use words which were calculated to specifically deny (the words of "each and every other allegation" "of the said complaint") the plaintiff's allegation of the corporate character of the plaintiff, but we hardly think that the peculiar verbiage employed by the defendants in their answer can be said to raise the issue of the capacity in which the plaintiff sued. The decision of this Court in the case of the *Land Mortgage Co.* v. *Williams,* 35 S. C., 367, 14 S. E., 821, holds to test the legal capacity of the plaintiffs to sue, it was necessary for the defendant to controvert it by an express specific denial not difficult to make in order to put the fact properly in issue. In other parts of the answer the form of specific denial is resorted to, and that these facts were admitted it is true. The Court's attention was not called to this matter until after the trial had been completed and a motion for a new trial entered upon.

The defendants, in their answer, admitted making the alleged contract with plaintiff and non-payment, and set up

counter claim against plaintiff, without specific denial of plaintiff's corporate capacity. It does seem that the defendants have waived their right to contest the allegation of the plaintiff in this regard. This exception is overruled.

4. "Because his Honor erred in overruling the motion for a new trial as to the third ground of said motion, which is as follows: 'Because it is respectfully submitted that his Honor erred in excluding, against defendants' objection, the question put to J. F. Monroe, and the answer offered, relating to the value of the use of such portions of the building in question as defendants alleged that they had been deprived of, this being a proper element of damage.' Said evidence is competent and relevant."

We agree with the Circuit Judge that the defendants have not included in their counter claim any charge against the plaintiff that they have been deprived of the use of any portion of their building, as an element of damage. We were careful in the statement made of this case to reproduce the exact language employed by the defendants in setting out their damage as a counter claim and in the enumeration thereof, nowhere is there a hint that the defendants would rely upon their being deprived of the use of a portion of the building as an element of damage. We must hold that the counter claim furnished the notice required by law of the items upon which the defendants would rely. The defendants, not having placed this matter as a matter of pleadings in the notice to the plaintiff, it must suffer the consequences of such default. This exception is overruled.

5. "Because it is respectfully submitted that his Honor erred in excluding, against defendants' objection, the question put to J. F. Monroe, and the answer offered, relating to the value of the use of such portion of the building in question as defendants alleged that they had been deprived of, this being a proper element of damage. Said evidence is competent and relevant."

The same reasoning to the fourth exception will dispose of the fifth, and it is overruled.

6. "Because his Honor erred in overruling defendants' motion for a new trial upon the fourth ground thereof, which is as follows: 'Because his Honor erred it is respectfully submitted, in charging the jury as follows:

4    "You heard me admit testimony from the parties attempting to show what their sales were before. The jury is to take that for what it is worth. If it is worth anything, take it; if it is not, throw it away." ' The error is in this, that doubt is raised in this charge as to whether said testimony is worth anything; or, at least, it is implied that it may not be worth anything, and the jury might disregard and 'throw away' unimpeached and uncontradicted evidence to establish a material fact of the case; that this is both incorrect as a legal proposition and also a charge on the facts, in violation of Constitution of South Carolina, 1895, Art. V, Sec. 26."

7. "Because his Honor erred, it is respectfully submitted, in charging the jury as follows: 'You heard me admit testimony from the parties attempting to show what their sales were before. The jury is to take that for what it is worth. If it is worth anything, take it; if it is not, throw it away.' The error is in this: that doubt is raised in this charge as to whether said testimony is worth anything; or, at least, it is implied that it may not be worth anything; and the jury might disregard and 'throw away' unimpeached and uncontradicted evidence tending to establish a material fact in the case; that this is both incorrect as a legal proposition, and also a charge on the facts, in violation of Constitution of South Carolina, 1895, Art. V, Sec. 26."

We will consider these two exceptions together, referring as they do to the same matter in a different form.

We wish that a stereotyped expression could be adopted by the courts of justice is disposing of questions as to value of human testimony, for thereby misconceptions would be

avoided.    In the case at bar no doubt the Circuit Judge sought to tell the jury that 'it was in the province of their duty to determine the value of such testimony; he certainly was right in that.    His language, in effect, was that if the jury decided that testimony was worthless it was their duty to disregard it.    We do not think that the language employed by the circuit judge was intended to fix the value of such testimony, but merely decides its fate when disbelieved or held worthless by the jury.    These exceptions are over-ruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in the result,* as the cases of *Battle* v. *C. N. & L. R. R.,* 70 S. C., 329, 49 S. E., 849, and *Dellency* v. *Granite Co.,* 72 S. C., 39, 51 S. E., 531, show that the corporate existence of the defendant was not put in issue, as there was not a demurrer or defense raising such question.

MR. JUSTICE JONES.    While I think there was technical error in excluding testimony as complained in the fifth exception, this ruling was rendered harmless by subse-quently permitting full testimony of defendants as to the injury sustained by them by being restricted to a partial use of the building.

MR. JUSTICE WOODS *concurs in the result.*