## 11515

### PEGUES v. POLSON

#### (123 S. E., 8)

PLEADING—ANSWER HELD NOT TO PUT TITLE OF PLAINTIFF, TRUSTEE IN BANKRUPTCY IN ISSUE.—Where complaint alleged that a named company had been adjudged a bankrupt and plaintiff appointed trustee for its estate, an answer, alleging that defendant has not sufficient information to either admit or deny that allegation, and therefore demands strict proof thereof, *held* not to put plaintiff's title in issue.

Before RICE, J., Chesterfield, 1915. Affirmed.

Action by B. F. Pegues, as 'Trustee in Bankruptcy, against W. W. Polson. Judgment for plaintiff, and defendant appeals.

*Messrs. Stevenson & Prince* for appellant.

*Messrs. Hanna & Hunley* and *Edward McIver* for respondent.

May 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

There is only one question in this case. The plaintiff brought this action as trustee in bankruptcy. The answer contained the following:

"2. That he has not sufficient information to either admit or deny the allegations contained in paragraph two thereof, and, therefore, demands strict proof thereof."

The second paragraph of the complaint is:

"That H. J. Sellers Company has been duly adjudged a bankrupt, and that above-named plaintiff has been duly appointed trustee in bankruptcy for the estate of H. J. Sellers."

Over the objection of the defendant, the plaintiff was allowed to prove by parol that he was trustee in bankruptcy. The judgment was for the plaintiff, and the defendant appealed. The appellant claims that the appointement as trustee was in writing and could not be proved by parol. That might be true if the answer had put the plaintiff's title in issue.

In the case of *Land Mortgage Co. v. Williams,* 35 S. C., 367; 14 S. E., 821, this Court held that such a denial did not put in issue the plaintiff's right to bring the action. The above case is stronger than this case, in that in it there was a denial based upon want of information and belief.

The judgment is affirmed.

Messrs. Justices Watts, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.

Mr. Justice Cothran: I concur in the result of the opinion of Mr. Justice Fraser, but upon a different ground, which I shall present:

Action in claim and delivery of personal property upon notes secured by chattel mortgages, executed by the defendant to H. J. Sellers Company. The action was brought by B. F. Pegues as trustee in bankruptcy of the payee. Upon the trial of the case the plaintiff offered parol testimony to prove the appointment of the plaintiff as trustee, to which the defendant objected upon the ground that the appointment was a matter of record and could not be established by parol evidence; judgment went for the plaintiff; and the

defendant has appealed upon exceptions which raise the single question as to the assigned error in admitting such evidence.

The first point of inquiry is whether or not the answer puts the title of the plaintiff in issue. If it does not, the admission of the parol evidence of a fact not denied, and, therefore admitted, is manifestly harmless.

The second paragraph of the complaint alleged the bankruptcy of the Sellers Company and the appointment of the plaintiff as trustee. The second paragraph of the answer alleges:

"That he has not sufficient information to either admit or deny the allegations contained in paragraph 2 thereof, and, therefore, demands strict proof thereof."

Code of Civ. Proc. 1922, § 410, provides:

"The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

Comparing the second paragraph of the answer with this section of the Code, it is manifest that it is insufficient as a denial. The defendant denies that he has "sufficient information" to either admit or deny paragraph 2 of the complaint, but he does not deny that he has " any knowledge" upon the subject. He denies that he has sufficient information "to either admit or deny" said paragraph, but he does not deny that he has sufficient information upon which "to form a belief."

In *Woodcock v. Bostic,* 128 N. C., 243; 38 S. E., 881, it is said (quoting syllabus):

"An allegation in an aswer that defendant has no information of facts alleged in a certain paragraph of the complaint, and demands proof thereof, is not sufficient to put such facts in issue."

In *Downing Co. v. Burns,* 30 Colo., 283; 70 Pac., 413, it is held (quoting syllabus):

"Where a statute requires a denial on information and belief to allege that the pleader has 'not knowledge or information upon which to base a belief,' an allegation that the pleader had not 'sufficient information on which to base a belief' was insufficient."

In the opinion it is stated:

"The statute appears to make a distinction between the words 'information' and 'knowledge,' and to say that one has not sufficient information upon which to base a belief is not a compliance with the statute, which requires it to be stated that one has not knowledge or information upon which to base a belief."

To the same effect is an array of cases cited in Century Digest, Pleading, § 245; First and Second Decennial Digest, Pleading, 121 (1).

There is another reason why the denial is not good: If it had been in the words, or substantially so, of the statute, it manifestly covers a matter of public record which the pleader with little effort could have obtained all the information necessary to a full and frank statement. *Bank v. Yarborough,* 120 S. C., 385; 113 S. E., 313.

I am not prepared, and it is not necessary, to hold that upon the question of the plaintiff's title to a chose in action sued upon, the rule applicable to the corporate existence of a corporation, as declared in the cases upon that subject cited in the *Yarborough Case,* including the case cited in Mr. Justice Fraser's opinion, is applicable.

MR. JUSTICE MARION concurs.