12715

SELLERS v. POLSON ET AL.

(149 S. E., 161)

*Messrs. Laney & Chapman,* for appellants,

*Mr. W. F. Stevenson,* for respondent,

August 13, 1929.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal by Kate Polson and W. W. Polson from an order of his Honor, Judge Dennis, *which purports to have been signed upon motion of their attorney,* referring the cause to the Master, "to take and report to this Court the testimony on all issues of fact, save and except the issue of adverse possession, which issue, if it arise properly, is held for trial by jury."

The case is complicated, and that condition is not at all relieved by the inexcusable confusion of the record for appeal, admittedly so.

It appears that 12 or 15 years ago (the date not stated in the record) B. F. Pegues, trustee in bankruptcy of H. J. Sellers Company, recovered a judgment in claim and delivery proceedings against W. W. Polson for the recovery of the possession of certain personal property, valued at a figure not stated, and as counsel for the respondent W. F. Stevenson, says in his brief, "for a large amount besides." From that judgment Polson appealed to this Court, which, in an opinion filed May 14, 1924, 128 S. C., 456, 123 S. E., 8, affirmed the judgment of the Court of Common Pleas.

Some time prior thereto, the judgment of Pegues, trustee, against W. W. Polson, had been assigned to the plaintiff-respondent in this case, Annie L. Sellers.

After the affirmance of the judgment by this Court, the sheriff proceeded to enforce the execution, and, preparatory thereto, proposed to admeasure a homestead exemption in land supposed to belong to him (W. W. Polson).

Kate Polson, the wife of W. W. Polson, then brought suit against the sheriff, Grant, the trustee, Pegues, and H. J. Sellers (presumably the husband of Annie L. Sellers), as alleged assignee of the judgment, claiming title by deed from W. W. Polson and by adverse possession to the land sup-

posed to belong to W. W. Polson, and asking for an injunction to restrain the sheriff from setting off a homestead therein to W. W. Polson and from attempting to enforce the execution against him by levy and sale.

It does not appear when this action was commenced; we can only surmise that it was after the Supreme Court affirmed the judgment against W. W. Polson in May, 1924.

At a later date, likewise uncertain, this action by Kate Polson against Grant, sheriff, *et al.,* was tried before Judge Henry and a jury; the trial resulting in a verdict as to 60 acres of the 220 acres involved in favor of the defendants Grant, sheriff, *et al.,* and as to the remainder 160 acres in favor of the plaintiff, Kate Polson. This verdict was set aside by his Honor, Judge Henry, and a new trial ordered.

A second trial was had in October, 1926, before his Honor, Judge Wilson, and a jury. This trial resulted in favor of the plaintiff, Kate Polson, we assume, although it is not stated, for both the 60-and 160-acre tracts. It is stated in the record for appeal that the defendants Grant, sheriff, *et al.,* have appealed from the judgment entered upon this verdict and that the appeal is pending.

In December, 1926, after the second trial in October preceding, Annie L. Sellers, the alleged assignee of the judgment of Pegues, trustee, against W. W. Polson, instituted the action in which the order of reference now appealed from was made, to set aside the deed which Kate Polson claimed to have received from W. W. Polson for the 160 acres, a part of the 220 acres involved in the case above referred to of Kate Polson against Grant, sheriff, *et al.,* as fraudulent and intended to hinder and delay the creditors of W. W. Polson and particularly the plaintiff. The defendants to this action are Kate Polson, W. W. Polson, M. S. Watson, I. P. Mangum, and W. F. Stevenson. The details of the connection of the last three defendants with the controversy are not necessary to be set forth, as this appeal does not call for a review of them. The defendant Kate Polson

claimed in her answer title to the land by a deed from W. W. Polson and by adverse possession.

After issue joined, the attorneys for Annie L. Sellers, in her behalf and of the defendants other than the Polsons, duly served notice upon counsel for the Polsons of a motion for an order of reference. When it was heard, by whom, and what were its terms, does not appear. Later the attorney for the Polsons made a motion before his Honor, Judge Dennis, as it is stated, to rescind the former order of reference. On November 10, 1927, his Honor, "On motion of Geo. K. Laney, Esq., attorney for the defendants Polsons," passed an order modifying the previous order of reference as indicated above. From that order the Polsons have appealed.

It would seem to be a sufficient answer to the exceptions filed by counsel for the Polsons that the order of reference appears to have been passed upon his motion; certainly it was not a compulsory order of reference.

But, if it had been a compulsory order, it was an order simply to take and report the testimony and clearly within the power of the chancellor so far as the genuine equitable feature of the case is concerned. Under the Act of 1928 (35 St. at Large, p. 1149), inapplicable to the present case, the power has been greatly extended.

The action was strictly an equitable one to set aside a deed as voluntary and fraudulent, a part of the well-recognized jurisdiction of a Court of equity; and in such cases the power to order a reference to take and report the testimony has over and over again been sustained. *Bank of Timmonsville v. People's Bank,* 147 S. C., 461, 145 S. E., 288; *Palmetto Bank & Trust Co. v. Grimsley,* 140 S. C., 105, 138 S. E., 624; *People's Bank v. Helms,* 140 S. C., 107, 138 S. E., 622, citing many cases.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.